In the Matter of DIAMOND STATE BREWERY, INC.,
a corporation of the State of Delaware.

*New Castle, June 3, 1938.*

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for petitioner.

*E. Ennalls Berl,* of the firm of Ward & Gray, for respondent.

THE CHANCELLOR: The validity of the election of the directors who were declared elected and the title of whose offices is under challenge, depends on the right of Harry Wachtel to vote shares of Class B stock registered in his name on the books of the corporation. Class B stock is the only voting stock. There are two hundred thousand shares of Class B stock authorized, of which all but three hundred or four hundred shares are alleged by the petitioner to have been issued and outstanding. Class B stock has a par value of twenty-five cents per share.

The petition charges that 58,400 shares of the Class B stock were issued to Wachtel for the alleged consideration of $9,490 claimed to be due him as a commission on the sale by him of stock. As the par value of the stock is twenty-five cents, it is contended by the petitioner that a consideration of $9,490 would support an issuance of only 37,960 shares, and that therefore 20,440 of the 58,400 shares issued to Wachtel were issued without consideration.

It is further claimed by the petitioner that the issuance of the shares to Wachtel was in derogation of the pre-

emptive rights of other stockholders and intended to fortify Wachtel in his position of control of the corporation.

For the purposes of this demurrer, which goes to the petition as a whole, it is sufficient to concentrate attention solely on the allegation that Wachtel voted at least 20,440 shares which were issued to him without consideration.

If Wachtel had no right to vote those 20,440 shares, then the ticket declared to have been elected was not elected. Without the votes of those shares it received 81,345½ votes as against 93,182½ votes for the rival ticket.

The grounds of demurrer are stated under five heads. The first three are related and will be treated as one. The fourth is that the petition is multifarious and the fifth that the petition shows no equity.

First. Under this head, I group the first three grounds of demurrer. The petition is not presented under any head of general equity jurisdiction. It rests for its support on a special statutory power conferred upon the Court of Chancery. *Section* 2063, *Revised Code* 1935, commonly referred to as *Section* 31 of the *General Corporation Act*. The section, after providing in its first paragraph that the Chancellor may summarily order an election of directors where none has been held on the day designated in the by-laws therefor, proceeds as follows:

"Upon the application by any stockholders, the Chancellor shall have power to hear and determine the validity of any election of any director or officer of any corporation organized under this Chapter and the right of any person to hold such office, and in case any such office is claimed by more than one person may determine the person entitled thereto; and to that end make such order or decree in any such case as may be just and proper, with power to enforce the production of any books, papers and records of the corporation relating to the issue; and in case it should be determined that no valid election of the corporation has been held, the Chancellor shall have power to order an election to be held in accordance with the provisions of the first paragraph of this Section. In any such application service of copies of such petition upon the corporate resident agent of the corporation shall be deemed to be service upon the corporation and upon the person whose title to office is contested and upon the

person, if any, claiming such office; and it shall be the duty of such resident agent to forward immediately a copy of said petition so delivered to him, or it, to the corporation and to the person whose title to office is contested and to the person, if any claiming such office, in a post-paid, sealed registered letter addressed to such corporation or such person at his or its last known postoffice address; and the Chancellor may make such further or other order respecting notice of such application as he may deem proper under the circumstances.

"The Chancellor in any proceeding instituted under this Section shall have power to determine the right and power of persons claiming to own stock, to vote at any meeting of the stockholders authorized by or referred to in this Section.

"The Chancellor shall have power to appoint a Master to hold any election provided for in this Section under such orders and powers as he shall deem proper; and he shall also have power to punish any officer or director for contempt, in case of disobedience of any order made by the Chancellor and may, in case of disobedience by any such corporation of any order made by the Chancellor, in his discretion, enter a decree against such corporation for a penalty in a sum not exceeding the sum of Five Thousand dollars ($5,000.00)."

It is under the quoted portion of the section that the pending petition is filed.

At the heart of the demurrant's contention under the present head of discussion is the suggestion, that as Wachtel is the registered holder of stock, it is highly improper, if it be not beyond the power of the court, to deprive him of the valuable right to vote the same on the claim that he is not in fact the owner, without making him a party to the proceeding and giving him an opportunity to defend his challenged ownership.

It is interesting to observe that the paragraph reading—"The Chancellor in any proceeding instituted under this Section shall have power to determine the right and power of persons claiming to own stock, to vote at any meeting of the stockholders authorized by or referred to in this Section"—was added in 1927. 35 *Del. Laws, c.* 85, *p.* 243. Prior to that time the question was a serious one whether a vote could be challenged in a proceeding under *Section* 31 on the score that the registered holder of stock was not lawfully entitled to be such. In one case within

my memory which arose prior to the 1927 amendment, where the legality of a stockholder's holding was challenged, the circuitous procedure was followed of filing a bill to cancel the stock in the hands of the registered holder, and then consolidating the cause with a pending proceeding under *Section* 31, with a reference of the consolidated proceedings to a Master.

I believe the undesirability of the cumbersome procedure followed in that case and the consequent focusing of attention upon the subject accounts for the amendment of 1927. That amendment undertakes to authorize the Chancellor in any proceeding instituted under the section to entertain all questions involving the right of any stockholder "claiming to own stock" to vote at an election.

The amendment does not require that the person claiming to own the stock shall be before the court. It is silent upon the point. In *Chappel v. Standard Scale & Supply Co.*, 15 *Del. Ch.* 333, 138 *A.* 74, I expressed the view that the stockholder whose right was challenged should be made a party in the review proceeding before his right to vote could be questioned. The Supreme Court, however, in an appeal from the decision in that case, held otherwise. *Standard Scale & Supply Corp. v. Chappel*, 16 *Del. Ch.* 331, 141 *A.* 191. The Supreme Court held that while in such a proceeding the legality of an issuance of stock could not be adjudicated adversely to the absent holder, yet his right to vote could be passed upon, notwithstanding his absence, in so far as was necessary to determine the result of the particular election that was under review.

The demurrant seeks to distinguish that case from the instant one by pointing out that there the right was challenged only because of an infraction of the twenty day time limit for transfer of stock prior to the election, whereas here the challenge of the right goes to the fundamental right of ownership. But that distinction does not

seem of importance, where there is no pretense of a claim that the right of ownerhsip is proposed to be adjudicated against the apparent owner. The thing of importance is the right to vote, a right so essential to the enjoyment of property in stock that, it has been suggested, it is a part of the property itself. Whether the deprivation of the right be based on one cause or another, the result is the same, to-wit, the momentary loss of the right. And so, it would seem, that the result of *Standard Scale & Supply Corp. v. Chappel, supra,* in the Supreme Court of this State is that in review proceedings under *Section* 31 the right of a stockholder to vote is not such a right as requires him to be present before the court can assume to decide that his vote should not have been counted.

The conclusion must be then that in the light of the law as announced by the court of last resort in this State, it was not necessary for the petitioner to make Wachtel a party to the review proceedings. The court is not bound in a review proceeding under the statute by the showing of stockholders made on the corporation's books. *In re Canal Construction Company,* 21 *Del. Ch.* 155, 182 *A.* 545; *Italo Petroleum Corp. v. Producers Oil Corp.,* 20 *Del. Ch.* 283, 174 *A.* 276.

The demurrant further contends that as equity, when it acquires jurisdiction, will administer full and complete relief to the end that controversy may be terminated, this court should not, in a review proceeding such as this, entertain a claim that stock cannot vote on the ground that it was illegally issued unless it is prepared to settle once and for all the question of the alleged illegality of the issue. In other words, it is contended, where such is the case the review of election proceedings should in all instances be combined with a cancellation suit. A bill to invalidate an election because illegally issued stock was voted thereat, to cancel the stock and secure another election under *Section* 31, may be properly filed. *Fleer v. Fleer*

*Corp., et al.*, 14 *Del. Ch.* 277, 125 *A.* 411. But it does not follow that because both purposes may be pursued in one bill, neither can be pursued alone. If a complaining stockholder does not choose to seek the cancellation of another stockholder's stock, I do not see why he should be compelled to do so as a condition precedent to his right to challenge the result of an election of directors. The petitioner in this case is pursuing his statutory right to a review of an election of directors. He has not chosen to seek a cancellation of Wachtel's stock. I do not think the corporation, which is the demurrant has the right to insist that he go further and seek such relief against Wachtel.

. The demurrant further says that the remedy of cancellation of Wachtel's stock is a cause of action belonging to the corporation, and that the petitioner has not put himself in a position to secure that remedy by making a demand on the corporation that it sue Wachtel. Since the petitioner is not seeking to cancel Wachtel's stock, the fact that he has not made a prior demand on the corporation or its directors is pointless. Of course the solicitor for the demurrant makes this point as a corollary to his previous contention to the effect that the case should not proceed unless Wachtel is joined as a party and the relief of cancellation is prayed. As I have ruled against that contention, the present one necessarily falls.

Second. Under this head it is said the petition is multifarious. The prayers are that the persons declared to have been elected directors be decreed not to have been elected, that the persons declared not to have been elected be declared to have been elected, or that a new election be called and held by a master appointed by this court. These prayers are evidently framed to meet the contingencies of view which the court might adopt after hearing the evidence. They do not make the petition multifarious. The petition seeks a single end—the securing of a lawfully elected board.

Third.   Under this head the ground of demurrer is the general one that the petition fails to show such a case as entitles the petitioner to the relief prayed for.   What has been said heretofore is sufficient by way of answer to this ground of demurrer.

The demurrer will be overruled.