HANNAH GRANIK and BETTY PENUEL,

*vs.*

THE HELLENIC QUARTER, INC., a corporation of the State of Delaware.

*New Castle, April 28, 1947.*

*Howard Duane,* for complainants.

*Clement C. Wood,* of the office of Hering, Morris, James & Hitchens, for defendant.

SEITZ, Vice-Chancellor: Complainants have attacked certain paragraphs of the defendant corporation's answer on the ground that they contain alleged matters of defense which are in fact, even if true, not proper matters of defense in the sense that they may be interposed by way of answer. They have also attacked certain paragraphs for the reason that they fail to answer the bill fully and responsively.

Complainants are the registered holders of preferred and common stock of the defendant corporation. By their bill they seek an injunction to prevent the defendant from filing a certificate of amendment to its charter increasing its authorized capital stock, from changing certain provisions with respect to its preferred stock, and from issuing any additional amounts of its presently authorized stock on any basis other than a certain designated pre-emptive basis.

The defendant's answer not only purports to answer the forty numbered paragraphs of the bill, but also contains thirty-one additional paragraphs purportedly containing affirmative defenses to the bill. The asserted affirmative defenses amount to a claim that the complainants are not the real owners of the stock because they are nominees of a person who obtained the issuance of the stock from the corporation by fraud and without consideration. These matters of affirmative defense also constitute the basis of a cross bill which the defendant has filed seeking the cancellation of the stock. The complainants have demurred to the cross bill on substantial grounds.

May a corporation defend an action brought by a registered shareholder to prevent a wrong to such shareholder's interest on the ground that the shareholder is the nominee of a person who procured the issuance of the stock by fraud and without consideration? Complainants say that the asserted defenses are not those types of defenses which may be asserted in an answer because they do not purport to destroy their apparent cause of action by their own force

and operation, but only furnish a reason why the court should make a decree depriving them of their cause of action. In such a case, says Mr. Langdell, the defendant must proceed by way of a cross bill. *Langdell on Equity. Pleading*, § 155 (*Second Ed.* 1883).

The defendant corporation takes the position that this is a proper defense by way of answer as well as by cross bill, presumably on the theory that complainants, in order to assert a right inherent in the ownership of the stock, must first prove that they are the real owners—the fact that they are the registered owners not being sufficient to preclude a defense that the shares were fraudulently issued to them. The defendant corporation in its answer does not ask for affirmative relief with respect to the stock.

In this state, in a proceeding under *Section* 31 of the *General Corporation Law, Rev.Code* 1935, § 2063, to review a corporate election, this court has permitted the corporation to challenge the right of a registered shareholder to vote on the ground that the stock was issued to him without consideration, even though a separate action to cancel the shares was extant and undecided. *In re Diamond State Brewery, Inc.*, 22 *Del.Ch.* 364, 2 *A.2d* 254. While it is true that the propriety of proceeding in that manner was premised in large part on the language of *Section* 31, nevertheless, the court pointed out that it was not canceling the stock in the *Section* 31 proceeding, but was only deciding with respect to voting rights.

Clearly, the court could not cancel the stock here, even if the defenses of fraud and lack of consideration were proper and proved (leaving the cross bill aside). This is so because cancellation would involve affirmative relief which would require a cross bill. All the court could do would be to dismiss the bill on the ground that the complainants were not entitled to enforce a right available to the actual owners of stock. In substance, that is the conclusion reached by the court in the case of *In re Diamond State Brewery,*

*Inc., supra.* In spite of its substantial distinguishing features, the adoption here of the approach taken by the court in that case commends itself to me. Complainants seek to draw a distinction of substance between a void·and a voidable issuance of stock, arguing that only if the issuance is void may a defense based thereon be raised by way of answer. However, I do not think the distinction is here important.

Since the right the complainants here seek to assert reposes only in the real owners of stock, I do not feel that because those same facts would properly constitute the subject matter of a cross bill, they may be only used in that way. This seems to be contrary to the position taken by Mr. Langdell. However, with all deference, I cannot consider the rule suggested by him as an inflexible rule of procedure. Conceivably, a defendant would not be in a position to file a cross bill. Indeed, the complainants here have demurred on substantial grounds to the cross bill which defendant has filed.

I conclude that the matter attacked by the complainants' motion to expunge is proper defensive pleading, and the motion is, therefore, denied. This conclusion does not mean that the burden of proof as to fraud and lack of consideration is removed from the defendant to the complainants.

Complainants have filed certain exceptions to the defendant's answer. These exceptions state that the defendant has not fully and responsively answered certain designated paragraphs of the bill. They do not purport to indicate the nature of the particular defects in a more explicit fashion, and for that reason they have been attacked as to form by the defendant. See 21 *C.J.*, *Equity*, § 580; see also 30 *C.J.S.*, *Equity*, § 357; 1 *Whitehouse Equity. Practice*, § 275.

Tested by a rigid adherence to form, some of the exceptions might be said to be deficient. However, the solicitor

for the complainants has clearly pointed out in his brief the nature of his objections and they are of such a nature that it is difficult to believe that the defendant has been in any way misled, since a mere comparison of the particular allegations involved in the bill and answer is all that is required to disclose the objectionable features of the answer. I shall proceed, therefore, to dispose of the exceptions.

Exceptions 6, 8, 12, 17, 18, 27, 28, 31, 33, 35, 38 and 40 are sustained, and exceptions 4, 23 (apparently abandoned by complainants) and 25 are disallowed. Defendant will be given leave to amend its answer.

An order accordingly will be advised.