**Kirk KERKORIAN, Plaintiff,**

v.

**WESTERN AIR LINES, INC., a Delaware corporation, Defendant.**

**Civ. A. No. 2987.**

Court of Chancery of Delaware,
New Castle.

April 14, 1969.

David F. Anderson and Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Wilmington, for plaintiff.

James M. Tunnell, Jr., and Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, and Donald Keith Hall, of Darling, Mack, Hall & Call, Los Angeles, Cal., for defendant.

DUFFY, Chancellor:

In this action Kirk Kerkorian (plaintiff) seeks inspection of the stock ledger and a list of stockholders of Western Air Lines, Inc., a Delaware corporation (defendant). Western has outstanding 4,903,852 shares of stock; Kerkorian is the owner of record of 1,380,995 of those shares. If all of his holdings in Western were converted into common stock, he would have some 30% of the total outstanding.

Acting under 8 Del.C. § 220, Kerkorian made demand on February 28, 1969 for a list of stockholders "for the purpose of communicating with them on matters relating to our mutual interest as stockholders and for the purpose of soliciting their proxies in connection with the annual meeting of stockholders to be held in 1969." The list was not made available and this suit followed on March 11. The annual meeting is scheduled for April 24.

Western resists inspection on several grounds. Pleading affirmatively, it alleges, first, that Kerkorian acquired and holds his stock in violation of the Federal Aviation Act of 1958 and therefore is not entitled to be recognized as a stockholder; second, that his purpose is improper because, if accomplished, it would place Western in violation of the Act; and, third, inspection would cause irreparable damage to the corporation without serving any legitimate interest of plaintiff.

Plaintiff moved for summary judgment or, alternatively, for an order striking all affirmative defenses on the ground that they are not sufficient in law. That motion was presented at the time fixed for trial (April 11), the Court reserved judgment thereon and the case was tried. Evidence in support of the affirmative defenses was admitted and decision on plaintiff's objections thereto was reserved. This is the decision on all pending matters.

I

Western argues that Kerkorian is not entitled to inspection because his demand

letter does not adequately state his "purpose."[1] This is based upon Northwest Industries, Inc. v. The B. F. Goodrich Company, Del.Ch. (decided April 7, 1969), in which a majority of the Supreme Court held:[2]

"A) That the provisions of § 220 require more, as a statement of 'proper purpose' reasonably related to Goodrich's interest as a stockholder of Northwest, than a mere statement of intent to communicate with other stockholders of Northwest regarding a forthcoming meeting; and

"B) That, under § 220, there is required, as part of the statement of a 'proper purpose', a statement of the substance of such intended communication, sufficient to enable Northwest, and the courts if necessary, to determine whether there is a reasonable relationship between the intended communication and Goodrich's interests as a stockholder of Northwest."

Here, defendant contends, proxies are commonly solicited for various purposes and therefore Kerkorian's mere statement that he wants the list "for the purpose of soliciting * * * proxies in connection with the annual meeting of stockholders" is fatally vague. In short, defendant says the demand lacks the specificity required under *Northwest Industries*.

■ This argument is without merit. I say this because, first, this Court should not add to the statutory formality or mechanic now required by *Northwest Industries*, at least without something more from the Supreme Court. Second, before that

decision, "solicitation of proxies" (without more) was well established as a proper statutory purpose reasonably related to a stockholder's interest. General Time Corporation v. Talley Industries, Inc., Del.Ch., 240 A.2d 755 (1968). And that is still the law on the subject.

In this context, then, no more need be said than plaintiff did in his letter to Western. He stated enough to enable the Court to make the determination of a reasonable relationship between the intended communication and "stockholder interest." I regard plaintiff's statement of purpose as sufficient in law.[3]

II

I next consider Western's argument that the Court should not recognize Kerkorian as a stockholder or enforce any right he claims as such. This is bottomed upon the proposition that Kerkorian "appears" to be in violation of the Federal Aviation Act in holding Western stock.

A.

Western is an "air carrier" operating under certificates issued by the Civil Aeronautics Board. It filed a petition with the Board requesting a "declaratory answer" as to whether Kerkorian (and persons in privity with him) might serve on its Board of Directors without CAB approval. See 49 U.S.C.A. § 1378. And it asked whether Kerkorian's acquisition of Western stock without CAB approval violated 49 U.S.C. A. § 1379. Kerkorian answered and joined in the request for a ruling. But the Board found that "issuance of a declaratory order would be inappropriate" and dismissed the

1. 8 Del.C. § 220 provides in part:
   "Any stockholder, in person or by attorney or other agent, shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, and its other books and records, and to make copies or extracts therefrom. A proper purpose shall

mean a purpose reasonably related to such person's interest as a stockholder. * * * *"

2. This appears in an order issued by the Court. An opinion has not yet been filed in the case.

3. It should be noted, too, that the evidence offered at trial further defined plaintiff's purpose; and a motion to dismiss the complaint was not filed.

petition. Thereafter Western filed a complaint with the Board charging Kerkorian with having acquired control of the corporation in violation of the Federal Aviation Act. That charge is pending.

### B.

I first consider the Court's power or discretion to go beyond the record title. The statute which gives a stockholder a right of inspection gives it to a "stockholder of record." 8 Del.C. § 220. As I understand the contentions, defendant says the Court has the power to consider more than the mere record title, plaintiff says it does not.

■ A plaintiff makes a prima facie showing of status when he proves that he is a stockholder of record. But nothing has been called to my attention indicating that the statute was intended to deny the corporation an opportunity to show that the stockholder attained record status fraudulently, for example, or that his title to the stock is defective. Under *General Time* inquiry as to certain activities is to be regarded as irrelevant, but that decision was directed toward the "purpose" requirement of the statute, not stockholder status. The opinion does not say, directly or otherwise, that record title is *conclusive* in a § 220 proceeding. And the statutory discretion to impose limitations or conditions as to inspection confirms the power of the Court to fashion relief to the ends of justice.[4] In a given case that would include inquiry into when relief should be granted, and status is relevant to that question.

■ I conclude that the Court has the power to go beyond record title in a § 220 case. Compare In Re Diamond State Brewery, 22 Del.Ch. 364, 2 A.2d 254 (1938); Matter of Canal Construction Co., 21 Del.Ch. 155, 182 A. 545 (1936).

### C.

As I understand Western's contentions as to the CAB proceedings, it says: First, they provide a basis for denying plaintiff recognition as a stockholder, and, second, they show an unlawfulness of purpose at odds with the Federal Aviation Act. Therefore, Western argues, the Court should not recognize Kerkorian as a stockholder and should not enforce any right he claims as such.

The evidence is essentially the same for both purposes. In summary it involves the circumstances under which plaintiff acquired the stock of Western, the uncertainty as to his compliance with the Aviation Act, the expression by the CAB in its order dismissing Western's petition, and so on.

These matters involve compliance with Federal law and determination of that issue, both parties agree, "is committed for decision exclusively to the CAB under Section 408 of the Federal Aviation Act."

■■ First, on the "recognition" issue, I regard the evidence as to the CAB proceedings as relevant. To that extent, plaintiff's objection to their admissibility will be overruled. But on the merit the evidence is not persuasive in law or in fact. The short of it is that the CAB has made no determination that Kerkorian's ownership or status is in any way illegal. It may do so. It has not as yet. And I find nothing in its dismissal order which raises inferences in Western's favor in such a way that this Court could reasonably act upon them. And if the Court were to rely upon the complaint now pending before the CAB as a basis for awarding relief, that would be permitting Western to parlay its own complaint in one proceeding into a reason for equitable relief in another.

---

4. 8 Del.C. § 220 also provides:
"* * * The court may, in its discretion, prescribe any limitations or conditions with reference to the in-spection, or award such other or further relief as the court may deem just and proper. * * *"

■ Second, turning to plaintiff's purpose, in my judgment Western's argument and the evidence offered to support it on this issue are both covered by the Supreme Court's decision in *General Time*. There, allegations of violation of the Investment Company Act of 1940 and the Securities and Exchange Act of 1934 were made and found to be irrelevant. And so, here, Western's allegations that plaintiff is or may be in violation of the Federal Act are irrelevant with respect to the propriety of his purpose. It follows that plaintiff's motion to strike the first and second affirmative defenses, both of which relate to purpose, must be granted.[5]

### D.

■ I next turn to Western's contention that, in any event, the interest of the corporation and other stockholders requires a denial of the relief plaintiff seeks. Western offered evidence to show that it is on the brink of an expansion program which includes new routes (to Hawaii) and new aircraft, with substantial and complex financing requirements. Plaintiff objected to such evidence, but I am satisfied that it is relevant, at least on the question of when relief should be granted. In short, it relates to limitations and conditions on inspection.

■ But I am not persuaded by the evidence. In short, it involves too many "ifs": if Kerkorian is able to control the election of Western's directors and its officers, if important policy changes are made (regarding routes, aircraft and financing), if the CAB eventually requires Kerkorian to divest, and so on. The Court cannot deny a present statutory right to a stockholder upon speculation as to how all of

this may come out. Compare Henshaw v. American Cement Corporation, Del., 252 A.2d 125 (1969); and Prickett v. American Steel and Pump Corporation, Del.Ch., 253 A.2d 86 (1969).

### E.

■ Under SEC persuasion (if not pressure) Western caused Kerkorian's proxy material to be mailed to stockholders on April 10. Therefore, it argues, he has no further need of the stock list. But under Delaware law he is not limited to communicating with stockholders through management. He has a right to go to stockholders directly, without procedural impediments if he desires to do so. It follows that the mailing already made is not a sufficient reason for denying relief to plaintiff in this action.

### III

Under 8 Del.C. § 219, a corporate stock ledger must be open to the examination of any stockholder for at least ten days before each meeting of stockholders. The statutory period here involved begins on April 14. Western counterclaimed for injunctive relief to restrain Kerkorian from inspecting or making use of the official list. In view of the ruling on the complaint, judgment will be entered for plaintiff on the counterclaim.

### IV

In summary, the rulings of the Court are as follows:

(1) The motion for summary judgment: this will be denied.

(2) The complaint: judgment will be entered directing Western to forthwith

---

5. On the merits, Western argues that enforcement of the right which Kerkorian asserts would frustrate the purposes of the Federal Aviation Act. A § 220 proceeding is narrow in both purpose and scope. As to inspection of the stock ledger, it is only a "look-at-the-list" act. I would not consider that kind of limited relief as frustrating the purposes of the Federal Aviation Act (at least in the absence of a prior decision by the CAB).

permit Kerkorian to inspect and copy from its stock ledger and list of stockholders.

(3) The motion to strike the three affirmative defenses: this will be granted as to one and two, and denied as to three.

(4) Plaintiff's objections to evidence of the CAB proceeding: these will be overruled to the extent that the evidence is directed to the "recognition" issue and the third affirmative defense. In all other respects the objections will be sustained.

(5) Plaintiff's objections to the testimony of J. Judson Taylor: the objections will be overruled.

(6) The counterclaim: judgment will be entered for plaintiff.

It is so ordered.