In the Matter of The Estate of John J. Monaghan, Deceased.

(*June* 1, 1956.)

Layton, J., sitting.

*Thomas J. Healy, Jr.,* for the Administrator.

*Bernard Hessler, Jr.,* By appointment of the Court.

*Albert J. Stiftel,* By appointment of the Court.

Orphans Court for New Castle County.

LAYTON, J.:

In the absence of a wife, issue, parent, brother, sister or issue of brother or sister, Title 12 *Del. C.* § 512(5) provides that the intestate's personal estate should be distributed "to the next of kin of the intestate, in equal degree, and the lawful issue of such kin as shall have died before the intestate." The three claimants are next of kin in equal degree.

 The civil law must be used in determining degrees of consanguinity. Title 12 *Del. C.* § 511, § 501. This requires counting back to the nearest common ancestor and, from such ancestor, down to the particular relative in question, each generation being known as a degree. *In re White's Estate*, 27 *Del. Ch.* 438, 37 *A.* 2d 167. It results, then, that the claimants are kindred of the fifth degree.

The important question for determination is the share to which each claimant is entitled. Title 12 *Del. C.* § 513 is the applicable statute. It reads:

"Distribution among children, brothers, or other kin in equal degree, shall be in equal portions; but the issue of such of them as shall have died before the intestate, shall take according to stocks, by right of representation; *and this rule shall hold, although the distribution be entirely among such issue.*" (My emphasis.)

But for the emphasized language, it would seem clear that claimants take per capita. This conclusion receives further support from the language of the Court (though dictum) in *In re Cavender's Estate*, 14 *Del. Ch.* 464, 130 *A.* 746.

It is argued, however, that the words, "* * * And this rule shall hold although the descent shall be entirely to issue of deceased children, brothers, sisters or other kin", suggest distribution on a *per stirpes* basis. Admittedly, the quoted language

confuses rather than clarifies the preceding portions of the section. And it cannot be said arbitrarily that a distribution *per stirpes* is not intended. However, for a number of reasons such a result would be contrary not only to reason but to common justice. It would be diametrically opposed to the general rule throughout the United States providing for *per stirpes* distribution for next of kin in an unequal degree but per capita in equal degree. 16 *Am. Jur., Descent and Distribution*, § 42. It would be contrary to the spirit of the English Statute of Distributions (22nd and 23rd Charles the Second) from which, with certain modifications, our own statutes of descent and distribution were taken. It would be in conflict both with the Delaware rule of distribution concerning real estate and the clear and, I think, correct dictum of Chancellor (then Judge) Harrington in the *Cavender* case. And, finally, if the language under consideration were viewed as calling for a *stirpes* distribution, the further serious problem is created in every case as to where the representation begins.

█ Under the facts here, I conclude that a proper construction of Title 12, § 513, calls for a distribution per capita between Frank Boyd, Katherine Garvey and Eugene Hession.

An Order to this effect and also providing for allowance of counsel fees may be presented.