NODANA PETROLEUM CORPORATION, a corporation of the State of Delaware, Appellant, v. THE STATE OF DELAWARE, on the Relation of Bernard T. Brennan, Appellee.

(*June* 14, 1956.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Henry R. Horsey* (of Berl, Potter and Anderson) and *Frank F. Jestrab* (of Williston, North Dakota) for appellant.

*Andrew B. Kirkpatrick, Jr.* (of Morris, Steel, Nichols and Arsht) for appellee.

Supreme Court of the State of Delaware, No. 7, 1956.

SOUTHERLAND, C. J.:

This is a proceeding in mandamus in the Superior Court. Bernard T. Brennan, a stockholder and former director of Nodana Petroleum Corporation, seeks an order granting inspection of corporate books and records.

Defendant answered, and plaintiff moved for judgment on the pleadings. The Superior Court, without opinion, entered an order granting inspection of the original or duplicate stock ledger and of all books and records pertaining to negotiations or transactions between the corporation and Powers and Walters, two of its directors, who are respectively its president and vice president. The corporation appeals.

The corporation assails the order on two grounds: (1) because it is based on a finding that the corporation had consented in its answer to the inspection demanded, whereas no such consent was intended to be given; (2) because plaintiff had

failed to disclose to the corporation the purpose of the inspection and also failed to show a refusal by the corporation to grant the inspection.

### 1.

The order of the Superior Court recites:

"It appearing that, although paragraph 12 of the answer admits the right of plaintiff to inspect any or all books and records of defendant, the inspection of defendant's books and records should, in the exercise of the Court's discretion in issuing mandamus, be limited to the showing of proper cause for the inspection established by allegations of the complaint admitted by answer and other admissions of the answer;".

This recital is based on paragraph 12 of the corporation's answer, which alleges:

"* * * that notwithstanding plaintiff's failure to state any valid reason why he wishes to examine the books and records of defendant, defendant is now and always has been willing to have plaintiff or his accountants examine any or all of the books, records, papers, and documents of defendant during the regular business hours of defendant at its office in Williston, North Dakota."

It is apparent that if the quoted language is read literally, the corporation has consented to the inspection desired. The court below so construed the answer and accordingly made an order granting inspection, limited as above set forth. The corporation, however, insists that it did not intend by the quoted language to abandon its defense to the action; paragraph 12, it says, is impliedly limited by other allegations of the answer, which resist the inspection sought for on the ground that plaintiff had failed to allege and prove a proper purpose. The supposed consent, says defendant, was conditioned upon a sufficient showing of a proper purpose.

We cannot follow the corporation's argument. The quoted language is on its face an unqualified consent to inspection, and

there is no other language in the paragraph in any way limiting the effect of the consent or making reference to any other part of the answer. On the contrary, there is prefixed to the consent the clause: "notwithstanding plaintiff's failure to state any valid reason" etc. We think that the court below, when it made its order, did nothing more than take the defendant at its word. We are in accord with its construction of the answer.

2.

Even if we put upon the language of paragraph 12 of the answer the construction contended for, the corporation's case is not helped. Its argument in support of its second contention runs as follows:

A stockholder seeking mandamus to compel inspection of the corporate records and books of account (other than the stock ledger), must affirmatively allege and prove a proper purpose communicated to the corporation prior to suit, a demand to inspect, and a refusal. *Bay State Gas Co. v. State, etc.,* 4 *Pa.* 238, 56 *A.* 1114; *State ex rel. Brumley v. Jessup & Moore Paper Co.,* 1 *Boyce* 379, 77 *A.* 16, 30 *L. R. A., N. S.,* 290. In the instant case, it is said, no proper purpose for the inspection was ever communicated to the corporation, or alleged or proved in the suit; and no refusal of inspection was ever shown.

This contention is based upon the letters interchanged between the parties prior to suit, which are part of the pleadings, and which are not in dispute. Plaintiff's letter of May 6, 1955, states:

"As you know, I am the owner of a substantial interest in the Company and have become concerned that improper transactions might have occurred of which I have no knowledge and which are contrary to my interests as a stockholder. This will advise you that in order to determine to my own satisfaction the extent, if any, to which such transactions might have occurred and to otherwise inform myself of the affairs and activities of the Company in order to adequately protect and evaluate mv

interest as a stockholder, I desire to confer with Arthur Anderson & Co. and examine, or have examined, the books and records of the Company as above indicated."

The corporation's reply of May 11, 1955 reads in part:

"Pursuant to our agreement made at the stockholders meeting in Williston, please be advised that in the opinion of the officers and directors of the captioned corporation, it would be contrary to the interests of the stockholders and the company to permit Mr. Brennan or his agents to confer with Arthur Anderson & Co. re that firm's recent audit of the corporation's books.

"Mr. Brennan or his agents may examine the books of the company during the business hours of the company at its office in Williston, North Dakota, provided that the purpose of the investigation is proper."

Plaintiff on May 17 acknowledged this letter, protested against the corporation's refusal to allow him to confer with the auditors, and made formal demand "for the inspection and examination * * * of all books and records" of the corporation. Plaintiff then demanded that the corporation rescind three specified transactions, the first of which he stated to be as follows:

"(a) The recent purchase by such Company of property from Richard E. Powers and William D. Walters for a purchase price of approximately $70,000 and the issuance of shares of common stock of such Company in connection with such purchase or pursuant to payment from the proceeds of such purchase;".

The letter concluded:

"It may be that after inspection and examination of the books and records of Nodana Petroleum Corporation, I will learn of other transactions which I will consider to be improper, and the foregoing demands are made, of course, without prejudice to any further demands which I may consider warranted."

On May 23 the corporation replied as follows:

"Directing your attention to the 2nd paragraph of Frank F. Jestrab's letter of May 11:

" 'Mr. Brennan or his agents may examine the books of the Company during the business hours of the Company at its office in Williston, North Dakota, provided that the purpose of the investigation is proper.'

"The office hours of the Company are from 9 to 12 A.M. and 1 to 5 P.M. Monday through Friday.

"Your further attention is directed to the fact that your demand of May 17, 1955 does not disclose the purpose of your investigation.

"The directors and officers have considered and rejected your demands for rescission of certain transactions but on the contrary have ratified and confirmed these transactions."

It is the contention of the corporation (1) that the plaintiff did not in these letters advise the corporation of the purpose of his inspection, and (2) that in any event the corporation never refused inspection.

 Reading together the plaintiff's letters of May 6 and May 17, we find that plaintiff did sufficiently state the purpose of his inspection, i.e., the investigation of improper transactions. The corporation appears to admit that this is a proper purpose; at all events we have no doubt about it. It is said that the letter of May 6 was not in itself sufficiently specific, and that appears to be true.[1] *State ex rel. Miller v. Loft*, 34 *Del.* 538, 156 *A.* 170. But the subsequent letter of May 17 referred to three specific transactions, and although plaintiff did not specifically ask for inspection in respect to any of these matters, yet mention of them tended to show that plaintiff was not merely on a fishing

---

[1] We assume in this case, as contended by the corporation, that a stockholder seeking inspection of the general corporate books must affirmatively allege and prove a proper purpose.

expedition and that he had some specific basis for his demand. Moreover, the corporation's reply of May 23 did not raise any question of lack of particularity.

But, in any event, no general inspection was accorded. By its order the court below specifically limited the inspection as follows:

"All of the books, records, papers and documents of Nodana Petroleum Corporation which should or may pertain either directly or indirectly to any negotiations or transactions between Nodana Petroleum Corporation and Richard E. Powers and William D. Walters, members of the Executive Committee of the Board of Directors of defendant, * * *" etc.

■ From this order it appears that the court below (1) construed the pleadings as disclosing as a specific purpose of the examination the subject specified in the order; (2) found such purpose to be proper; and (3) ordered an inspection limited to such purpose. The correspondence is in our opinion susceptible of the construction that the court put upon it, and the order was therefore proper.

The corporation also contends that it never refused the inspection sought. It says that its letter of May 23 was a consent to inspection, and that if plaintiff after receiving it had presented himself at the company's office he would at once have been given access to the books. Instead, says the corporation, the plaintiff started an unnecessary lawsuit simply to harass and annoy the corporation.

But the letter of May 23 is not an unqualified consent to inspection. Not only is a proviso appended to the supposed permission, but there was added a denial that plaintiff had disclosed the purpose of his investigation. Defendant's letter, at the best, is ambiguous, and plaintiff was entitled to construe it as a refusal, as he did. If defendant had intended to consent to inspection in order to deprive plaintiff of the opportunity to start a lawsuit, it should have said so plainly—as, indeed, it did

later, when it filed its answer. We think there is no substance to this contention.

Some mention was made at the argument of that portion of the court's order granting examination of the stock ledger. It was said that this was clearly erroneous, since, as appears from the answer, a list of stockholders had been furnished to plaintiff's attorney on May 6, 1955. The point is not developed on the brief, and we are uncertain just what use the corporation seeks to make of it. In any event, it does not appear that the"list" referred to contained the information that would be disclosed by an examination of the stock ledger. It may have been a voting list. If defendant had intended to make anything of this point, it should have set out in its answer just what was furnished to plaintiff and why inspection of the ledger was unnecessary. We think this point also without substance.

We find no error in the record, and the judgment of the Superior Court is affirmed.