William G. HENSHAW, Plaintiff,

v.

AMERICAN CEMENT CORPORATION, a Delaware corporation, Defendant.

Court of Chancery of Delaware.

New Castle.

March 21, 1969.

S. Samuel Arsht and Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

William S. Potter, Charles S. Crompton, Jr., and Robert K. Payson, of Potter Anderson & Corroon, Wilmington, and O'Melveny & Meyers, Los Angeles, Cal., for defendant.

DUFFY, Chancellor.

The questions for decision concern the right of a stockholder-director of a Delaware corporation to examine its stock list and other books and records.

I

William G. Henshaw (plaintiff), a stockholder and director of American Cement Corporation (defendant), filed this action against the Corporation on January 31, 1969. He seeks an order authorizing him to inspect and make extracts from (a) the Corporation's stock ledger and a list of its stockholders, and (b) other books and records for the period Janu-

ary 1, 1965 to date, including those of the Corporation's subsidiaries. American Cement opposes both applications. This is the decision after final hearing and post-trial briefing.

This action and suits filed in California grow out of a deep division in American Cement's board of directors. On January 22, 1969 the Company began an action in Los Angeles County against William M. Caldwell, Robert S. McClean, Garret Weyand and others seeking damages of $1,600,000 for alleged fraud in a so-called "Volcanite" transaction and other breaches of fiduciary duty. Caldwell was a director and senior vice-president of Cement; Weyand was his administrative assistant. Caldwell counterclaimed for a $900,000 judgment against Cement.

On January 28 Allen L. Chickering, Jr., a Cement stockholder and then chairman of its board of directors, filed a mandamus petition in Los Angeles County asking for inspection of the Corporation's books and records. By an order dated February 17 he was given access to all corporate books and records over which California has jurisdiction.

## II

■ I first consider Henshaw's application for inspection of the stock ledger. Defendant contends that, in view of the California order, this issue is moot because of a privity of interest between Henshaw and Chickering. Beyond doubt they are acting in concert, but defendant has not shown any authority which, as a matter of law, would preclude Henshaw from asserting in this jurisdiction whatever rights he has as stockholder and director. And, on the merits, the California decree is limited to books and records located in that State; the action here is for books and records, wherever located. Henshaw is entitled to a ruling on his application.

Henshaw and his family own 750,000 shares of defendant's common stock, which

is about 15% of the total outstanding. He has been a director for more than eleven years. By a letter to defendant dated January 27 he made a demand, "pursuant to section 220 of the General Corporation Law of the State of Delaware," for inspection of the stock list. His stated purpose was to enable him "to communicate with his fellow stockholders of American Cement Corporation concerning the affairs of the Corporation." A reasonable inference from the record is that Henshaw and others associated with him are preparing for a proxy fight prior to the Corporation's annual meeting scheduled for May 7.

8 Del.C. § 220(b) provides:

"(b) Any stockholder, in person or by attorney or other agent, shall upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, and its other books and records, and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. In every instance where an attorney or other agent shall be the person who seeks the right to inspection, the demand under oath shall be accompanied by a power of attorney or such other writing which authorizes the attorney or other agent to so act on behalf of the stockholder. The demand under oath shall be directed to the corporation at its registered office in this State or at its principal place of business."

■ Henshaw made a written demand under oath for the inspection and it was delivered to defendant by Chickering. Cement argues that the demand was defective because there was no power of attorney running to Chickering. But the "demand" was made by the stockholder, Henshaw, and it was carried to defend-

ant's office by Chickering. In this situation Chickering was not required to have a *power* of attorney any more than a postman would, had Henshaw mailed his letter. A power of attorney is required under § 220(b) only when an attorney or agent *makes* the demand. Implicit in the statute is a requirement that when inspection is to be made by a person other than the stockholder, the corporation be given evidence of his authority to so act. In this case Henshaw's demand, under oath, met that requirement by naming his agents and attorneys who were to make the inspection.

■ Next, defendant argues that it did not refuse Henshaw a right to inspect because its counsel wrote to him saying that it needed additional information before advising American Cement how to respond to the demand.[1] Under the circumstances, the failure to comply is the equivalent of a refusal. Compare State ex rel. Dixon v. Missouri-Kansas Pipe Line Co., 42 Del. 423, 36 A.2d 29 (Super. 1944).[2]

■ I conclude that plaintiff complied with the provisions of § 220 respecting the form and manner of making demand. The record establishes that the inspection he seeks is for a proper purpose, that is, for a purpose reasonably related to his interest or status as a stockholder. General Time Corporation v. Talley Industries, Inc., Del., 240 A.2d 755 (Supr. 1968). It follows that plaintiff is entitled to an order authorizing him to inspect American Cement's stock ledger.

III

I turn now to the remaining question, which relates to whether or not plaintiff has a right to inspect other corporate books and records. He argues that he does, both under § 220 and common law principles.

The statute permits a stockholder to inspect "other books and records" after he establishes that (1) "he has complied with the previsions of this section respecting the form and manner of making demand for inspection of such documents; and (2) that the inspection he seeks is for a proper purpose." 8 Del.C. § 220(c).

In his demand upon American Cement for inspection of "other books and records," Henshaw made it as a *director,* not as a stockholder. And his complaint shows that he did not comply "with the provisions of this section [§ 220] respecting the form and manner of making demand for inspection of such documents." In short, he has failed to bring himself within the scope of the statute, which relates only to a "stockholder's right of inspection." It follows that plaintiff's right to inspect books and records of American Cement (other than its stock list) rests entirely on common law principles.

■ A director of a Delaware corporation has the right to inspect corporate books and records; that right is correlative with his duty to protect and preserve the corporation. He is a fiduciary and in order to meet his obligation as such he must have access to books and records; indeed he often has a duty to consult them. State ex rel. Farber v. Seiberling Rubber Com-

---

1. The additional information sought was framed in four questions:

 "1. Who are the purported agents listed in each letter (i. e., what are their occupations and professional connections)?

 2. Who, if anyone, aside from the two of you, do these purported agents represent in connection with the subject matters of your demands or the affairs of American Cement Corporation?

 3. As to anyone listed in response to our second question, what is their right to inspect or copy corporate records as set forth in your demand?

 4. Who else, if anyone, do you represent in connection with the matters contained in your letters?"

2. Henshaw's deposition, put in evidence by defendant, indicates that there was express refusal when Chickering delivered the demand letter.

pany, 3 Storey 295, 168 A.2d 310 (Super. 1961); State ex rel. Dixon v. Missouri-Kansas Pipe Line Co., supra; 15 A.L.R.2d 41; 174 A.L.R. 275; 5 Fletcher Cyclopedia Corporations, § 2235 (Rev.Ed.). Hence, he makes out a prima facie case when he shows that he is a director, he has demanded inspection and his demand has been refused. The burden then shifts to the corporation to show why the director should not be permitted to exercise his rights or that such exercise should be conditioned. State ex rel. Farber v. Seiberling Rubber Company, supra.

American Cement contends that inspection of the books and records by Henshaw would be inimical to the best interests of the Corporation because it would amount to "back door discovery" by defendants in the California fraud action and consequently hinder presentation of the $1,600,000 claim and defense against the $900,000 counterclaim.

Henshaw argues that he seeks inspection so that he may perform his duties as a director. He testified that he seeks records pertaining to the "Volcanite" transaction to confirm his belief that the suit brought by the Corporation against Caldwell and others is without merit and for other purposes.

An examination of books and records to ascertain the condition of corporate affairs and the propriety of certain actions is a proper purpose even though the one who seeks inspection may be hostile to management. Compare Nodana Petroleum Corporation v. State ex rel. Brennan, 11 Terry 76, 123 A.2d 243 (Supr.1956); 15 A.L.R.2d 30; 174 A.L.R. 277; 5 Fletcher, supra, § 2223.

Henshaw made out a prima facie right to inspection, and I am not persuaded that the Corporation has rebutted it. In other words, Henshaw showed a purpose germane to his position as a director and that entitles him to an examination of the books and records. His purpose is not im-

proper because of the possibility that he may abuse his position as a director and make information available to persons hostile to the Corporation or otherwise not entitled to it. If Henshaw does violate his fiduciary duty in this regard, then the Corporation has its remedy in the courts. Compare E. L. Bruce Company v. State ex rel. Gilbert, 1 Storey 252, 144 A.2d 533 (Supr.1958).

For the reasons stated, I conclude that Henshaw, a director, is entitled to inspection of the books and records of defendant.

IV

Finally, I consider the question of whether any limitation or restriction should be placed upon the exercise of any of the rights given plaintiff. On this point it is necessary to identify some of the persons involved in the lawsuits.

In the California suit Caldwell is represented by the firm of Pillsbury, Madison & Sutro, which filed the counterclaim for him against American Cement. The same firm represents Weyand in the some suit. And the same firm appeared for Henshaw when his deposition was taken in this case. In his demands (as both stockholder and director) Henshaw included Weyand and several members or associates of the Pillsbury firm among the list of agents and attorneys he designated to make the inspections.

The Corporation argues that if any inspection is granted, Weyand and the partners and associates of Pillsbury, Madison & Sutro should be prohibited from assisting in it. It also contends that no inspection should be permitted of any books or records relating to the "Volcanite" transaction, and that Henshaw should be prohibited from disclosing to the defendants in the fraud case any information obtained by the inspection which might relate to that case.

Henshaw argues that Weyand, by virtue of his past association with American Cement, is able to provide assistance which is

not available elsewhere. He also asserts that he is entitled to the assistance of his own counsel notwithstanding the fact that his attorneys also represent defendants in the fraud suit.

Both sides concede that the Court has the power to impose restrictions or conditions on the inspection.[3]

 Unquestionably a director is entitled to assistance in his examination of corporate records. Judge Rodney said in *Missouri-Kansas Pipe Line* that the right "of examination * * * [carried] with * * * [it] the means of making the examination effective." And within broad limits a director is entitled to agents of his own choosing. Obviously agents should be qualified to perform their duties, and I think that they should not have any interest adverse to the corporation. 5 Fletcher, supra, §§ 2233, 2235.

The question here is how Henshaw's right to agents and attorneys of his own choosing is to be accommodated to the Corporation's legitimate interest in protecting its position in a lawsuit. I am in no way concerned with the merits of that suit. But it begs common sense and elemental notions of fairness to say that the Corporation must submit its records (including those dealing with the very substance of the fraud suit, the "Volcanite" transaction) for inspection by a person whose interest in pending litigation is adverse to the Corporation, merely because that person is selected for the purpose as the agent of a director. This would indeed be back-door discovery unbound by work-

product, privilege or any other limitation upon discovery. Henshaw's personal preference must here give way to protection of the Corporate interest.

And the same approach must limit Henshaw in his use of attorneys in the inspection. It is unrealistic, and it might be straining the limits of attorney-client fidelity, to permit the Pillsbury firm to enter into a situation where it would be obligated to two masters with conflicting interests. Thus it has a duty to Caldwell in the prosecution of his counterclaim against Cement (and to the other defendants it represents in the suit). And as an agent or attorney for Henshaw, the director, it would have the same duty he has to Cement.

 The order permitting Henshaw to inspect defendant's books and records will specifically prohibit his use of Weyand and any member or associate of the firm of Pillsbury, Madison & Sutro for that purpose.

As to the other limitations which are sought, I decline to grant them. Henshaw, as a director, probably has a duty as well as a right to be fully informed as to the "Volcanite" transaction and the other matters in litigation. And as for disclosure, I emphasize that inspection is here given to Henshaw as a director, with all that implies. He has, as his counsel states, a fiduciary duty to the Corporation and its stockholders with respect to such information that he receives as a director. If he violates that duty, the law provides a remedy.

---

3. In a stockholder's suit, 8 Del.C. § 220 (c) specifically provides that "The Court may, in its discretion, prescribe any limitations or conditions with reference to the inspection * * *." As to a director's suit, if his right to inspection may be cut off entirely (*under Seiberling*) then, a *fortiorari*, it may be conditioned.