COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

December 23, 2015

James P. McEvilly, III, Esquire
Shlansky Law Group, LLP
824 Market Street, Suite 1000
Wilmington, DE  19801

Peter J. Walsh, Jr., Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, DE  19801

Re:   *In re: New Media Books and Records Action*
Consolidated C.A. No. 9984-VCN
Date Submitted:  October 22, 2015

Dear Counsel:

Plaintiffs Edward Deane, George Wihbey, and William Cunningham (the "Plaintiffs") are members of Defendant New Media Investors II-B, LLC ("New Media"), a Delaware entity, established in 2000 as a vehicle for investing in Jenzabar, Inc. ("Jenzabar"), a software and internet services company.[1]  In 2004, Jenzabar was recapitalized and New Media received junior preferred stock and warrants.[2]  The warrants lapsed, without exercise, in 2013.[3]  Plaintiffs suggest improper conduct by Robert A. Maginn, Jr. ("Maginn"), the Managing Member of

---

[1] Joint Pretrial Stip. and Order ("Pretrial Stip.") § I.
[2] *See* Joint Exhibits ("JX") 1-3; Pretrial Stip. § II (15)–(20).
[3] Pretrial Stip. § II (21).

New Media and the Chief Executive Officer and Chairman of the Board of Jenzabar.[4]  Efforts to dissolve New Media were initiated in 2013, although Plaintiffs did not cash their distribution checks.  Instead, they eventually made a books and records request under 6 *Del. C.* § 18-305.  The purposes of their inspection demands range from valuation of their holdings of New Media to investigation into misconduct by Maginn and others in the course of operating New Media.[5]

This Letter Opinion sets forth the Court's post-trial findings of fact and conclusions of law.

\* \* \*

Over a seven-month period in 2014 and 2015, Plaintiffs made separate proper books and records demands upon New Media.[6]  Plaintiffs must show by a preponderance of the evidence that they have a proper purpose for inspection of

---

[4] Pls.' Opening Pre-Trial Br. 2.
[5] Their wide-ranging designation of documents may be found at Pretrial Stip. § II (11).
[6] JX 6, 10, 12; Pretrial Stip. § II (6).

any record that they seek.[7]  Although the requests identified seven different purposes for the inspections, they can be consolidated into valuation and investigation of misconduct.  Valuation is a proper purpose.[8]  Misconduct may be the foundation for a books and records inspection, but a plaintiff seeking such records must have made a showing by a preponderance of the evidence of a credible basis from which to infer mismanagement.[9]  A simple statement that the purpose is to investigate possible mismanagement does not satisfy this standard.[10]  Plaintiffs have not provided a credible basis, and thus, they have not demonstrated that investigating misconduct or wrongdoing is their proper purpose.[11]

---

[7] *Sec. First Corp. v. U.S. Die Casting & Dev. Co.*, 687 A.2d 563, 567 (Del. 1997).

[8] *CM & M Gp., Inc. v. Carroll*, 453 A.2d 788, 792 (Del. 1982); *Ostrow v. Bonney Forge Corp.*, 1994 WL 114807, at *11 (Del. Ch. Apr. 6, 1994).

[9] *Sec. First Corp.*, 687 A.2d at 567.

[10] *Seinfeld v. Verizon Commc'ns, Inc.*, 909 A.2d 117, 122 (Del. 2006).  *See also Sutherland v. Dardanell Timber Co.*, 2006 WL 1451531, at *8 (Del. Ch. May 16, 2006).

[11] Plaintiffs argue that the failure to exercise the warrants before they expire amounts to self-dealing because Maginn is a fiduciary of both New Media and Jenzabar, and Maginn and his wife are substantial owners of Jenzabar stock.  *See* Pretrial Stip. § II (3)–(5).  The only articulated concern that potentially involves wrongdoing depends upon whether the warrants were "under water," which in turn is a subset of the Plaintiffs' greater concern about valuation.  Plaintiffs have made no showing that the warrants were of value when they expired.

* * *

Plaintiffs have demonstrated that valuation is a proper purpose. Inspection of books and records in this instance is a statutory right. The question is whether Plaintiffs may inspect books and records of both New Media and Jenzabar. The statute allows for inspection of the books and records of the entity in which the plaintiff is a member. Maginn is both a fiduciary of New Media and the Chief Executive Officer of Jenzabar. That, however, does not, at least without more, establish an entitlement of Plaintiffs to inspect the books and records of Jenzabar, a different entity, even though valuation of Jenzabar would help in reaching an understanding of the value of New Media. Perhaps with evidence of wrongdoing, the inspection rights would extend to Jenzabar, but no such showing has been made.[12] Merely sharing fiduciaries does not extend an inspection obligation from one entity to the next.

---

[12] New Media is but an investor in Jenzabar; Jenzabar is not a subsidiary of New Media and New Media is not a controlling shareholder of Jenzabar. *Cf. Arbor Place, L.P. v. Encore Opportunity Fund, L.L.C.*, 2002 WL 205681, at *6 (Del. Ch. Jan. 29, 2002) ("[T]his Court has consistently held that a stockholder generally has no right to inspect the books and records of a subsidiary corporation where the stockholder merely owns shares of the parent corporation.").

* * *

New Media objects to allowing Plaintiffs' attorneys access to any books and records subject to the Court's inspection order. That law firm has a separate proceeding against Jenzabar pending in Massachusetts, in which a different plaintiff has claims related to rights in Jenzabar's warrants.[13] Plaintiffs agree that their lawyers should not use the books and records obtained through this action for any purpose related to that separate action. A confidentiality restriction on the use of the books and records produced as a result of this proceeding should suffice, especially since the scope of the to-be-ordered inspection is significantly narrower than the scope of Plaintiffs' request.

---

[13] *Cf. Henshaw v. Am. Cement Corp.*, 252 A.2d 125, 130 (Del. Ch. 1969) (while a director, in examining corporate materials, is entitled to the assistance of agents of his own choosing, such agents "should not have any interest adverse to the corporation").

\* \* \*

The Court turns to identifying the books and records of New Media "necessary, essential and sufficient" for Plaintiffs' valuation purposes,[14] including assessing the value, if any, of the warrants which have since expired.

Plaintiffs have sought books and records from a period far beyond that necessary for valuation. No reason for going back to 2004—the year of Jenzabar's recapitalization—has been set forth. The dissolution occurred in 2013.[15] A few years before then—2010—through the current books and records reasonably meets Plaintiffs' needs.

The books and records of New Media, essentially a holding entity for some interest in Jenzabar, are likely to be of limited scope. Financial statements (unaudited, if audited are not available) and any projections of value of either New Media or, if among New Media's books and records, Jenzabar are to be

---

[14] *Norfolk Cnty. Ret. Sys. v. Jos. A. Bank Clothiers, Inc.*, 2009 WL 353746, at \*6 (Del. Ch. Feb. 12, 2009), *aff'd*, 977 A.2d 899 (Del. 2009) (TABLE).
[15] *See* JX 5.

produced.[16]   In addition, any books and records addressing, considering, or assessing the question of whether to exercise the warrants, including a valuation of the warrants and the underlying rights in Jenzabar, shall also be submitted to Plaintiffs for their inspection.

   **IT IS SO ORDERED.**[17]

                                        Very truly yours,

                                        */s/ John W. Noble*

JWN/cap
cc:    Register in Chancery-K

---

[16] The books and records ordered to be produced are solely those of New Media, and New Media has no affirmative duty to seek or obtain Jenzabar records for purposes of this action.  To the extent they are among New Media's books and records, documents reflecting the value of Jenzabar fall within the reach of 6 *Del. C.* § 18-305 because New Media's value depends solely on that of Jenzabar.

[17] The parties shall bear their own costs.