**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
MAGISTRATE IN CHANCERY

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

December 4, 2023

Steven L. Caponi
Megan O'Connor
K&L Gates LLP
600 N. King Street, Suite 901
Wilmington, Delaware 19801

Richard P. Rollo
Travis S. Hunter
John M. O'Toole
Sandy Jing Xu
Richards Layton & Finger PA
920 N. King Street
Wilmington, Delaware 19801

RE:   *Jose Mellado, D.M.D. v. ACPDO Parent Inc.*,
C.A. No. 2023-0791-BWD

Dear Counsel:

On November 28, 2023, Plaintiff filed a Notice of Exceptions to Post-Trial Final Report, taking exception to and/or seeking clarification of my November 21, 2023 Post-Trial Final Report (the "Final Report").[1] Dkt. 90. On December 1, 2023, Vice Chancellor Glasscock, to whom the exceptions are assigned, remanded Plaintiff's requests for clarification for me to decide in the first instance. This letter report addresses Plaintiff's requests for clarification of the Final Report.

First, Plaintiff seeks clarification concerning "whether the Company is required to produce documents provided to McDowell and Herman in their capacity

---

[1] Undefined capitalized terms herein have the same meaning as in the Final Report.

as officers of the Company." Dkt. 90 at 1. The short answer is no. The Final Report

recommends that the Court order the production of documents responsive to Request

Nos. 1, 2, 3, and 6, which seek minutes of the Company's Board meetings, minutes

of the Company's committee meetings, materials prepared for or shared with any

committee of the Company, and all financial records of the Company and its

subsidiaries. *See* Final Report at 43-44. Those are quintessentially board-level

documents. The Final Report also recommends that, in response to Request No. 4

seeking "[a]ll documents and other materials provided to Mr. McDowell and Mr.

Herman *in their capacity as directors* of the Company,"[2] the Court order the

production of agendas, minutes, and materials from the Company's and its

subsidiaries' monthly "Ops" meetings, which McDowell and Herman attend in their

capacities as directors of the Company. *Id.* at 44. The Final Report does not

---

[2] JX 128 at 2 (emphasis added). Plaintiffs' other requests—which the Final Report recommends denying—similarly seek documents provided to McDowell and Herman in their capacity as directors, not officers. *See* Request No. 9 (seeking "[a]ll communications between the Company, or the Board, or Mr. McDowell and Mr. Herman *in their capacity as directors*, and any shareholders relating to the business and operations of the Company, its subsidiaries and the dental practices") (emphasis added); Request No. 10 (seeking "[a]ll communications between the Company, or the Board, or Mr. McDowell and Mr. Herman *in their capacity as directors*, to any employee, officer, or director of the Company, its subsidiaries or the dental practices relating to their business and operations . . . .") (emphasis added).

recommend the production of any documents implicating McDowell's and Herman's capacity as officers.[3]

Second, Plaintiff seeks clarification concerning "the scope of the books and records to be provided in response to Request Nos. 8, 11, 12, and 13 of the Demand." Dkt. 90 at 1. The Final Report explains that these requests "raise red flags in light of Plaintiff's desire to assist AHCA in its ongoing investigation and to further his other ongoing litigation efforts," and that "[t]he Company should not be required to make a comprehensive, discovery-style email production" in response to them. Final Report at 44-47 (citations and footnotes omitted). In other words, it recommends that, in light of Plaintiff's secondary purposes and the overbreadth of the requests, Request Nos. 8, 11, 12, and 13 be denied in their entirety.

Third, Plaintiff seeks clarification of "the Company's ongoing obligations to provide directors, *i.e.*[,] Dr. Mellado, with information." Dkt. 90 at 1. The parties did not brief, and therefore the Final Report does not explicitly address, the Company's ongoing obligations to provide information to directors.[4] The Final

---

[3] To be clear, however, the Company may not withhold documents responsive to these requests on the basis of a capacity distinction.

[4] The Demand seeks documents "[f]or the period from January 2022 to the present." JX 128 at 2. While Plaintiff's Pre-Trial Opening Brief requested "that the relief in the Demand be granted, and that Defendant be ordered to produce the documents Plaintiff requested in the Demand, *and will request in the future in his capacity as a Director of ACPDO Parent*,"

Report does, however, make clear that Plaintiff, as a director of the Company with a proper purpose for inspection, owes ongoing "'fiduciary obligations to protect and preserve [the] corporation [and] must have access to the corporation's books and records if he reasonably can be expected to perform his duties.'" Final Report at 23 (quoting *Bizzari v. Suburban Waste Servs., Inc.*, 2016 WL 4540292, at *8 (Del. Ch. Aug. 30, 2016)); *see also id*. at 32 (explaining that "'access to corporate books and records is fundamentally important to the performance of the director's fiduciary duties'" (quoting *Carlson v. Hallinan*, 925 A.2d 506, 545 n.267 (Del. Ch. 2006))); *id*. at 41 (noting "the 'fundamental importance' of '[t]he rights of directors to access the corporate books and records'" (quoting *Holdgreiwe v. Nostalgia Network, Inc*., 1993 WL 144604, at *3 (Del. Ch. Apr. 29, 1993), and *Henshaw v. Am. Cement Corp*., 252 A.2d 125, 128 (Del. Ch. 1969))); *id*. at 46 n.110 (cautioning that the Company should not interpret the Court's denial of the Plaintiff's request as "'blanket permission to withhold information from [him] going forward because he remains a director on the board, and he's entitled to be informed in order to make informed decisions as a board member'" (citing *Gunther v. 5i Scis., Inc.*, C.A. No.

---

Plaintiff did not seek an order compelling the Company to produce documents on an ongoing basis, or raise any argument in support of such request. POB at 4 (emphasis added).

5800-CC, at 3-4 (Del. Ch. Nov. 23, 2010) (TRANSCRIPT))).  So long as Plaintiff is a director, the Company "has an ongoing statutory obligation to produce to Plaintiff" books and records consistent with the recommendations in the Final Report.  *Bruckel v. TAUC Hldgs., LLC*, 2023 WL 116483, at *4 (Del. Ch. Jan. 6, 2023).

This is a final report and exceptions may be taken pursuant to Court of Chancery Rule 144(d)(2), within three business days.[5]

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery

cc:     All counsel of record (by File & ServeXpress)

---

[5] *See* Ct. Ch. R. 144(d)(2) ("In actions that are summary in nature or in which the Court has ordered expedited proceedings, any party taking exception shall file a notice of exceptions within three days of the date of the report.").