**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
MAGISTRATE IN CHANCERY

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

February 6, 2024

Steven L. Caponi, Esquire
Megan O'Connor, Esquire
K&L Gates LLP
600 N. King Street, Suite 901
Wilmington, Delaware 19801

Richard P. Rollo, Esquire
Travis S. Hunter, Esquire
John M. O'Toole, Esquire
Sandy Jing Xu, Esquire
Richards Layton & Finger PA
920 N. King Street
Wilmington, Delaware 19801

> RE: *Jose Mellado, D.M.D. v. ACPDO Parent Inc.*,
> C.A. No. 2023-0791-BWD

Dear Counsel:

This letter addresses the parties' competing forms of a Final Order and Judgment to implement my November 21, 2023 post-trial final report (the "Post-Trial Final Report") and December 4, 2023 letter report concerning Plaintiff's requests for clarification (the "Letter Report"). I assume the reader's familiarity with the underlying dispute as detailed in those reports.[1]

The parties raise two points of disagreement. First, Paragraph 4 of Plaintiff's proposed Final Order and Judgment states that "[a]s long as [Plaintiff] is a director

---

[1] *See Mellado v. ACPDO Parent Inc.*, 2023 WL 8086840 (Del. Ch. Nov. 21, 2023) [hereinafter, "Post-Trial Final Report"]; *Mellado v. ACPDO Parent Inc.*, 2023 WL 8363627 (Del. Ch. Dec. 4, 2023) [hereinafter, "Letter Report"].

of ACPDO Parent, ACPDO Parent has an ongoing statutory obligation to produce books and records to [Plaintiff] so he can reasonably be expected to perform his fiduciary duties." Pl.'s Jan. 31 Letter, Ex. A [hereinafter, "Pl.'s Proposed Final Order and Judgment"] ¶ 4, Dkt. 105. Plaintiff asserts that without this language, he will have to "serially prosecute 220 Action after 220 Action against Defendant in order to obtain documents the Court has already found Plaintiff is entitled to receive." Pl.'s Jan. 31 Letter at 2. The Company, on the other hand, argues that "Plaintiff's proposal would require the Company to produce unenumerated 'books and records' as a general matter[,]" and that Plaintiff's position wrongly "presupposes that the Company will reject any future inspection demands." Def.'s Feb. 1 Letter at 3, Dkt. 106.

As noted in the Letter Report, "[t]he parties did not brief, and therefore the [Post-Trial] Final Report d[id] not explicitly address, the Company's ongoing obligations to provide information to directors." Letter Report at *2. While the Letter Report acknowledged the Company's "ongoing obligation" to produce books and records,[2] the Company represents it will comply "with its obligations under

---

[2] *See* Letter Report at *2; *see also* Post-Trial Final Report at *23 (quoting *Bizzari v. Suburban Waste Servs., Inc.*, 2016 WL 4540292, at *8 (Del. Ch. Aug. 30, 2016)); *id.* at *32 (explaining that "'access to corporate books and records is fundamentally important to the performance of the director's fiduciary duties'" (quoting *Carlson v. Hallinan*, 925 A.2d 506, 545 n.267 (Del. Ch. 2006))); *id.* at *41 (noting "the 'fundamental importance' of '[t]he

Delaware law," and consider future demands in good faith. Def.'s February 1 Letter at 3. Given that the parties did not address the request in pre-trial briefing,[3] the Final Order and Judgment will not obligate the Company to do what, in any event, the law already requires.

Second, Paragraph 5 of Plaintiff's proposed Final Order and Judgment requires the Company to "substantially complete its production of documents . . . within 10 business days of this order becoming final," while the Company's proposal contemplates substantial production "within 10 business days after the parties enter into a confidentiality agreement." Pl.'s Proposed Final Order and Judgment ¶ 5; Def.'s Feb. 1 Letter, Ex. C [hereinafter, "Def.'s Proposed Final Order and Judgment"] ¶ 4. The Post-Trial Final Report explained that "Plaintiff . . . repeatedly expressed his willingness to enter into a confidentiality agreement" and directed the

---

rights of directors to access the corporate books and records'" (quoting *Holdgreiwe v. Nostalgia Network, Inc*., 1993 WL 144604, at *3 (Del. Ch. Apr. 29, 1993), and *Henshaw v. Am. Cement Corp*., 252 A.2d 125, 128 (Del. Ch. 1969))); *id*. at *46 n.110 (cautioning that the Company should not interpret the Court's denial of the Plaintiff's request as "'blanket permission to withhold information from [him] going forward because he remains a director on the board, and he's entitled to be informed in order to make informed decisions as a board member'" (citing *Gunther v. 5i Scis., Inc.*, C.A. No. 5800-CC, at 3-4 (Del. Ch. Nov. 23, 2010) (TRANSCRIPT))).

[3] *See* Letter Report at *2 n.4 (explaining that "Plaintiff did not seek an order compelling the Company to produce documents on an ongoing basis, or raise any argument in support of such request").

parties to meet and confer on an appropriate confidentiality order. Post-Trial Final Report at *18. Consistent with the Post-Trial Final Report, the Final Order and Judgment will require production after entry of an appropriate confidentiality order.

Relatedly, the parties have submitted competing forms of a confidentiality order. While the parties have reached agreement on most terms, Plaintiff objects to certain aspects of the Company's proposal, including (1) a prohibition on Plaintiff using Inspection Materials to conduct activities "that may constitute a violation of [Plaintiff]'s restrictive covenants with the Company, such as the non-competition, non-solicitation, non-interference, and non-disparagement [provisions]";[4] (2) a requirement that Plaintiff obtain undertakings from his advisors and his wife, Dr. Ania Cabrerizo, before disclosing Inspection Information to them;[5] (3) a requirement that Plaintiff destroy all Inspection Information after completing his Proper Purpose;[6] (4) a fee-shifting provision entitling the prevailing party to reimbursement of fees and expenses if a proceeding is initiated to enforce the confidentiality order;[7]

---

[4] Pl.'s Jan. 31 Letter at 4; Def.'s Proposed Final Order and Judgment, Ex. D [hereinafter, "Def.'s Proposed Conf. and NDA"] ¶ 1.

[5] Pl.'s Jan. 31 Letter at 4; Def.'s Proposed Conf. and NDA ¶¶ 1, 3.

[6] Pl.'s Jan. 31 Letter at 4; Def.'s Proposed Conf. and NDA ¶ 5.

[7] Pl.'s Jan. 31 Letter at 4; Def.'s Proposed Conf. and NDA ¶ 10.

and (5) a requirement that Plaintiff advance the Company its fees and costs incurred to remedy violations of the confidentiality order.[8]

The Company claims that because "Plaintiff is actively working with his advisors to lobby AHCA and other regulatory agencies to take negative actions against the Company and the dental practices," "additional protection in the event of a breach" is "necessary to deter non-compliance of the confidentiality agreement." Def.'s Feb. 1 Letter at 4-5. An undertaking requirement is reasonable in light of Plaintiff's secondary purposes for seeking inspection;[9] the Company's other requests are burdensome and overreaching, given that Plaintiff, a fiduciary, already "owe[s] the corporation a duty to protect its information." *Schnatter v. Papa John's Int'l, Inc.*, 2019 WL 194634, at *17 (Del. Ch. Jan. 15, 2019), *abrogated by Tiger v. Boast Apparel, Inc.*, 214 A.3d 933 (Del. 2019); *see also Kortum v. Webasto Sunroofs, Inc.*, 769 A.2d 113, 121 n.17 (Del. Ch. 2000) ("it must be presumed that [the director], as a fiduciary of [the company], will not disclose [the company]'s proprietary or confidential information to such third parties"). The parties shall file a proposed form of confidentiality order that (1) rejects the Company's proposed language in Paragraphs 1, 2, 5, 10, and 11; (2) accepts in part the Company's proposed language

---

[8] Pl.'s Jan. 31 Letter at 4; Def.'s Proposed Conf. and NDA ¶ 11.

[9] *See* Post-Trial Final Report at *15-16.

in Paragraph 3;[10] and (3) accepts the Company's proposed language in Paragraphs 4

and 6.

This is a final report and exceptions may be taken pursuant to Court of

Chancery Rule 144(d)(2).[11]

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery

cc:     All counsel of record (by File & ServeXpress)

---

[10] Paragraph 3 should state: "Mellado may provide the Inspection Information to his attorneys at K&L Gates LLP and to those professionally associated with his attorneys within the organization, including paralegals (each such person to be deemed an 'Advisor'); provided, however, that Mellado has received from each such Advisor a duly executed Advisor Undertaking in the form attached hereto as Exhibit A before Mellado provides the Inspection Information to the Advisor."

[11] *See* Ct. Ch. R. 144(d)(2) ("In actions that are summary in nature or in which the Court has ordered expedited proceedings, any party taking exception shall file a notice of exceptions within three days of the date of the report.").