E. L. BRUCE COMPANY, a corporation of the State of Delaware, Defendant below, Appellant, v. THE STATE OF DELAWARE, on the relation of Harry Gilbert and Yolan Gilbert, Plaintiff below, Appellee.

(*September* 11, 1958.)

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, J. J., sitting.

*Henry R. Horsey* (of Berl, Potter and Anderson) and *Thomas F. Daly* (of Lord, Day and Lord, of New York City) for appellant.

*Aaron Finger* (of Richards, Layton and Finger) for appellee.

Supreme Court of the State of Delaware, No. 44, 1958.

PER CURIAM:

■ Relators filed a petition for mandamus in the Superior Court of New Castle County to compel the inspection of the stock ledger of the E. L. Bruce Company. On the relators' motion for summary judgment the Superior Court granted the writ and refused a stay pending appeal. The inspection is set for September 12. Because the granting of a stay by this Court would defeat or impair the right of inspection, and the denial of the stay would in effect render the appeal fruitless, we have been required to consider the merits of the case.

Our conclusions upon the matter are as follows:

1. Relators are holders of at least 8,000 shares of stock of the Bruce Company. In recent months they appear to have been purchasing additional shares.

2. Relators are engaged in a contest with management of the Bruce Company for control of that company. They desire to inspect the stock ledger for the purpose of communicating with the other stockholders. They wish to solicit support for their slate of directors at the forthcoming stockholders' meeting of the company in October, or to attempt to buy additional stock from the other stockholders, or both.

3. The disputed issues between the parties are two: (a) whether the corporation controlled by relators is in substantial competition with the Bruce Company; and (b) the amount of relators' investment in recent stock purchases and the terms of such purchases.

■ 4. The admitted purpose of inspection is one directly related to relators' status as stockholders and is not an unlawful or improper purpose within the holding in *State ex rel. Theile v. Cities Service Co.*, 31 *Del.* 514, 115 *A.* 773. Inspection

of the stock ledger to solicit proxies at the stockholders' meeting is obviously proper; and an intention to purchase additional shares from other stockholders is likewise proper. *Crouse v. Rogers Park Apartments,* 343 *Ill. App.* 319, 90 *N. E.* 2d 404.

5. The disputed issues are not in our opinion material to this case.

(a) That the relators' corporation is a competitor of the Bruce Company does not of itself defeat the stockholders' statutory right of inspection. *State ex .rel. Watkins v. Cassel, Mo. App.,* 294 *S. W.* 2d 647. The possibility that the relators, if successful in their attempt to win control, may abuse that control is mere speculation. If such control is won and abused the minority has its remedy in the courts.

(b) The amount of relators' recent investment in shares of stock of the Bruce Company, and the terms of purchase of such stock, are immaterial, since it is admitted that relators own at least 8,000 shares of stock.

6. It follows that the Superior Court was correct in granting the motion for summary judgment.

The motion for a stay pending appeal is denied.