GENERAL TIME CORPORATION, Defendant Below,
Appellant,

*vs.*

TALLEY INDUSTRIES, INC., Plaintiff Below,
Appellee.

*Supreme Court, On Appeal, April 4, 1968.*

*Henry M. Canby* and *Charles F. Richards, Jr.,* of Richards, Layton & Finger, Wilmington and Chadbourne, Parke, Whiteside & Wolff, New York City, for appellant.

*S. Samuel Arsht* and *Walter K. Stapleton,* of Morris Nichols, Arsht & Tunnell, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice: This was an appeal by General Time Corporation from the refusal of the Vice Chancellor to compel the President of Talley Industries, Inc. to answer certain questions put to him on the taking of his deposition. Talley Industries moved to dismiss the appeal on the ground of nonappealability. After hearing argument, we dismissed the appeal on the authority of *American Insurance Co. v. Synvar Corporation, Del.,* 199 *A.2d* 755.

Although the appeal was dismissed for lack of appealability, the argument on the motion to dismiss developed into the merits of the question by reason of appellant's contention that the Vice Chancellor's order had determined adversely to it a substantial right, *i. e.,* the right to offer any defense to a demand for a list of its stockholders. We accordingly stated that, in view of the frequent recurrence of the question, and the recent change in the law by the enactment of 8 *Del.C.* § 220, we would file a subsequent opinion setting forth our views. This is that opinion.

The suit below was instituted under § 220 by Talley Industries, Inc., a stockholder of General Time Corporation, to obtain a list of General Time's stockholders. Section 220(b) provides that a stockholder shall have the right to a list of stockholders for any "proper purpose" which is defined as a "purpose reasonably related" to his "interest as a stockholder."

Talley Industries complied with the provisions of § 220 respecting the form and manner of making demand for inspection of the list. When such is the fact, § 220(c) prescribes that the burden of proof shall be upon the corporation to establish that the stockholder desires the list for an improper purpose.

General Time noticed the deposition of the President of Talley Industries. At the deposition he was asked a series of questions directed to the acquisition of General Time stock allegedly in further-ance of an illegal conspiracy and in violation of the Investment Company Act of 1940 and the Securities and Exchange Act of 1934.

Upon the instructions of his counsel, Talley Industries' President refused to answer these questions on the ground that they were not directed to the primary purpose for which the list was desired, which was the soliciting of proxies to be used to oust the management of General Time.

The questions which were refused to be answered at the deposition related to (1) what other persons or entities, known to the officers of Talley Industries, owned stock in General Time; (2) whether the funds with which Talley Industries purchased General Time stock were borrowed, and (3) whether Talley Industries desires to effect a

merger with General Time and, if so, when the idea was first conceived. All of these questions presumably related to the charge of conspiracy and violation of the Investment Company Act and the Securities and Exchange Act.*

[1] There can be no question but that the desire to solicit proxies for a slate of directors in opposition to management is a purpose reasonably related to the stockholder's interest as a stockholder. It has been held in this State that such a purpose is directly related to stockholder status and, as such, proper. *State ex rel. Theile v. Cities Service Co.*, 1 *W.W.Harr.* 514, 115 *A. 773*; *Bruce Company v. State ex rel. Gilbert*, 1 *Storey*, 252, 144 *A.2d* 533.

But, said General Time, Talley Industries has a further improper purpose abetted by illegal action on its part. We think, however, that any further or secondary purpose in seeking the list is irrelevant. Once the status of a stockholder is established under § 220, he is entitled to the list if his primary purpose is reasonably related to that status.

Thus, in the *Bruce* case it was held that the fact that the stockholder's own corporation was a competitor of the Bruce Company, and that if the attempt to win control of it was successful, that control might be abused, was irrelevant. Similarly, in *Trans World Airlines, Inc. v. State*, 4 *Storey* 582, 183 *A.2d* 174, the fact that an agent of a stockholder, charged by the corporation with a large corporate claim, desired the list to circularize stockholder to defeat the corporate claim against his principal, was held to be irrelevant to his right to the list.

In short, we are of the opinion that when a stockholder establishes his status as such, and seeks production of a stockholders' list for a purpose germane to that status, such as a proxy solicitation, he is entitled to its production.

It might well be asked what circumstances then would constitute a defense to the demand. Each case must depend upon its particular facts, but we point out that in the *Theile* case an individual owning one share of stock was denied a list when it appeared that his purpose was to sell it for a "sucker list."

* These charges are the basis of a suit against Talley Industries, pending and undecided, at least at the time of argument in this appeal, in the United States District Court for the Southern District of New York.