**WESTERN AIR LINES, INC., a Delaware corporation, Defendant Below, Appellant,**

v.

**Kirk KERKORIAN, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

May 27, 1969.

James M. Tunnell, Jr., and Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, and Donald Keith Hall, of Darling, Mack, Hall & Call, Los Angeles, Cal., for appellant.

Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This was an appeal by Western Air Lines, Inc. from as order of the Chancellor ordering it to permit Kirk Kerkorian, or his agents, to inspect and copy its list of stockholders. By reason of the exigencies of time, we heard immediate oral argument and entered an order affirming the action of the Chancellor. By this opinion, we set forth our reasons for having done so.

In the action, Kerkorian, a substantial stockholder of record of Western, sought under 8 Del.C. § 220 a list of Western's stockholders in order to communicate with them on matters of mutual interest as stockholders, and in order to solicit their proxies for Western's annual stockholders' meeting, scheduled to be held some six weeks from the date of suit.

Western resisted the inspection on several grounds: (1) That Kerkorian had acquired and held his stock in violation of the Federal Aviation Act of 1958 and the regulations of the Civil Aeronautics Board; (2) that the purpose for which Kerkorian desired inspection was improper because, if his purpose was accomplished, it would place Western in violation of the Federal Aviation Act, and (3) that inspection would cause Western irreparable harm without any legitimate benefit to Kerkorian. The Chancellor ruled against Western on all defenses.

At the argument before us, Western abandoned its contention as to the adequacy of the statement of purpose in the demand for inspection. In view of General Time Corporation v. Talley Industries, Inc., Del., 240 A.2d 755, it seems apparent that Kerkorian's statement of intent to solicit proxies constituted the statement of a proper purpose under § 220.

Western's attack upon Kerkorian's status as a Western stockholder was for the reason that he may be in violation of the Federal Aviation Act in holding Western stock. Basically, the contention was that Kerkorian may have violated the Federal Act in acquiring Western stock since he was a stockholder of other airlines. The precise details of the possible violation are not important to relate for the reason that we considered them to be irrelevant.

By 8 Del.C. § 220, a stockholder of record has a right to inspection of the stock ledger for any purpose "reasonably related" to his interest as a stockholder. When these facts are established, the stockholder is entitled to inspect and copy the list. General Time Corp. v. Talley Industries, supra. Since Western conceded the propriety of Kerkorian's purpose in seeking inspection, it necessarily was limited to contesting his status as a stockholder. To do so, it was necessary to go behind the evidence of the stock ledger which, at least, establishes *prima facie* stockholder status.

The Chancellor held that in an application under § 220, the Court of Chancery has the authority to go beyond the record title of stock, and to take evidence upon the status of the person demanding an

inspection of the stock list. Under some circumstances, the Chancellor may ignore the stock record title in proceedings attacking the right of a record stockholder to vote his stock, In re Diamond State Brewery, 22 Del.Ch. 364, 2 A.2d 254; In re Canal Construction Co., 21 Del.Ch. 155, 182 A. 545, but we thought we did not have to pass, in this case, upon the point that he has similar authority in § 220 proceedings.

We thought the *General Time* case controlled the question. That case held irrelevant in connection with the determination of proper purpose in seeking the stock list evidence as to the acquisition of General Time stock by allegedly illegal action on the part of the stockholder in violation of the Investment Company Act of 1940 and the Securities and Exchange Act of 1934. We saw no difference in principle between the determination of proper purpose there and the determination of stockholder status here. Evidence irrelevant as to one is equally irrelevant as to the other under the circumstances.

Since, therefore, Kerkorian proved that he was a stockholder of record of Western, and since we thought evidence of possible violation of the Federal Aviation Act was irrelevant in a § 220 proceeding, we held that he was entitled to obtain the Western stock list.

With respect to Western's contention that inspection would cause irreparable harm to it without any benefit to Kerkorian, we were of the opinion, particularly since the possibility of ultimate harm to Western depended on a number of suppositions, that the matter is immaterial. If the threat of irreparable harm comes to pass, the company, or its stockholders, have a remedy in the courts. E. L. Bruce Company v. State ex rel. Gilbert, 1 Storey 252, 144 A.2d 533.

For the foregoing reasons, we affirmed the Chancellor's order for inspection.