MITE CORPORATION, Plaintiff,

v.

HELI–COIL CORPORATION, Defendant.

Court of Chancery of Delaware,
New Castle.

Aug. 18, 1969.

S. Samuel Arsht and Lewis S. Black, of Morris, Nichols, Arsht & Tunnell, Wilmington, and Richard W. Hulbert, of Cleary, Gottlieb, Steen & Hamilton, New York City, for plaintiff.

Hugh L. Corroon, of Potter, Anderson & Corroon, Wilmington, and Stephan A. Weiner, of Winthrop, Stimson, Putnam & Roberts, New York City, for defendant.

DUFFY, Chancellor:

This is an action under 8 Del.C. § 220 in which Mite Corp. (plaintiff) seeks to examine and make extracts from the stock ledger and stockholder list of Heli-Coil Corp.[1] (defendant). Each party is a Delaware corporation. Heli-Coil denies that Mite has a right to relief under the statute and, in turn, asserts a counterclaim seeking to examine the stock ledger and a list of stockholders of Mite. Mite moved for judgment on the pleadings, the Court reserved a ruling and the case went to trial on the merits.

### A.

I first consider Mite's claim to the Heli-Coil list. Apparently, Heli-Coil is a "take-over" target for Mite which wants to solicit offers from other Heli-Coil's stockholders to exchange their stock for stock of Mite. On July 2, 1969 Mite became a holder of record of 100 shares of Heli-Coil. The next day it made demand for the list.

By its pleading Mite makes out a prima facie case, which Heli-Coil tacitly concedes. But it seeks to deny production on three bases: (1) Mite's purpose is improper because its registration statement has not yet been approved by the Securities and Exchange Commission and communication with stockholders prior thereto is unlawful; (2) Mite is not entitled to the list because it purchased Heli-Coil shares for the purpose of being in a position to demand a stockholder list (which Mite concedes); and (3) plaintiff's demand does not state the substance of its proposed communication with stockholders.

■ First, as to the absence of approval by the SEC, this is irrelevant in a § 220 proceeding. General Time Corporation v. Talley Industries, Inc., Del., 240 A.2d 755 (1968); Kerkorian v. Western Air Lines, Inc., 253 A.2d 221 (1969), affirmed 254 A.2d 240 (1969). Second, it is settled Delaware law that inspection of a stock list is proper where it is sought in order to purchase additional shares of a company's stock from other stockholders. E. L. Bruce Company v. State, 1 Storey 252, 51 Del. 252, 144 A.2d 533 (1958). And it is not made improper because the first shares were purchased as a prelude to a demand for the list. Compare Trans World Airlines, Inc. v. State, 4 Storey 582, 54 Del. 582, 183 A.2d 174 (1962). Any other purpose Mite might have had is irrelevant. General Time Corporation v. Talley Industries, Inc., supra. The first two arguments made by Heli-Coil are without merit.

■ As to the argument that the demand does not state the substance of the proposed communication with stockholders, the short answer is that it does. The demand states the purpose to be "communicating with other stockholders of the corporation in order to solicit offers from the other stockholders of Heli-Coil Corporation to exchange their common stock for stock of Mite Corporation." That meets the formal requirements announced by the Supreme Court in Northwest Industries, Inc. v. The B. F. Goodrich Company (1969).

It follows as a matter of law that Mite is entitled to the stock list and judgment on the pleadings will therefore be entered in its favor as to the complaint.

---

1. 8 Del.C. § 220 provides in part:
   "Any stockholder, * * * shall upon written demand under oath stating the purpose thereof, have the right * * * to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, * * *. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder."

### B.

I turn now to the counterclaim, to which Mite's motion for judgment on the pleadings is also directed. Mite contends that the demand did not meet the statutory formalies required by *Northwest Industries*.

On July 7, 1969 Heli-Coil became a registered owner of 100 shares of Mite. On July 16 it made demand for inspection of the stock list, saying:

"On behalf of Heli-Coil Corporation, a demand is hereby made to examine the stock ledger of MITE Corporation, and list of its stockholders and to make copies and/or extracts therefrom with the intention and for the purpose of communicating with other stockholders of MITE Corporation in connection with the Exchange Offer to be submitted for approval at a special meeting of MITE Corporation's stockholders to be held on August 12, 1969."

In *Northwest Industries* the statement was:

"The purpose of this request is to enable the B. F. Goodrich Company to communicate with other stockholders of your company with reference to a special meeting of the stockholders of your company."

The Court held this insufficient as a matter of law, saying:

"Accordingly, in our view, § 220 required Goodrich to state in its demand the substance of its intended communication sufficiently to enable Northwest, and the courts if necessary, to determine whether there was a reasonable relationship between its purpose, i. e., the intended communication, and Goodrich's interest as a stockholder of Northwest."

■ In my view *Heli-Coil's* demand meets the statutory formality. It states that it wants to examine the list (a) for the purpose of communicating with other stockholders, (b) in connection with *the* exchange offer, (c) to be submitted at a special meeting of stockholders, (d) on August 12. All of that adds up to something quite different from the limited language which Goodrich used, viz. "to communicate * * * with reference to a special meeting of the stockholders". I think Heli-Coil gave Mite what the law requires, i. e. enough substance to show a reasonable relationship between its purpose and its interest as a stockholder. Heli-Coil obviously did not have to state what its position would be on the proposed exchange nor what it would say about it to the stockholders. It follows that Mite's motion for judgment on the pleadings will be denied as to the counterclaim.

■ Since I have held that Heli-Coil complied with the form and manner of making demand for inspection, then under § 220 the burden of proof is upon Mite to establish that the inspection sought is for an improper purpose. And as to this it argues that Heli-Coil's acquisition of Mite stock and its demand for a stocklist are just defense tactics, purposefully made to frustrate the proposed tender offer to stockholders of the company. In short, Mite argues that Heli-Coil's demand for the list and its proposed communication have for their purpose the promotion or advancement of Heli-Coil's corporate interest, only.

Mite relies upon the Supreme Court's ruling in *Northwest Industries*, and I agree that certain language in the opinion, particularly the dicta, supports Mite. But the Court decided only whether the statement of demand was sufficient; it did not reach the question of what is relevant once a demand has been adequately stated.

In my view, § 220 is narrow in object and scope and is simply a "look at the list" act. It contemplates summary proceedings and the accelerated scheduling of cases under it emphasizes prompt processing and disposition. The narrow nature of the act must be kept in mind in applying the "proper purpose" requirement. And that is important because there is a continuing tendency

to use a § 220 suit for broad defensive as well as offensive purpose in battles over corporate control and acquisitions. Administration of the statute will present special difficulties if the "purpose" clause permits open-end litigation.

It is true that some of the opinions refer to "primary" and "secondary" purposes under the statute but, as I read them, particularly *General Time*, the litigants are not free to litigate various purposes and then ask the Court to make a finding of fact as to a plaintiff's "primary" purpose. On the contrary, if a plaintiff establishes *a* proper purpose then all others are irrelevant. I understand that to be the law under the Supreme Court opinions in *General Time* and *Western Air Lines*. It follows, then, that if a plaintiff tenders *a* purpose which is proper the corporation cannot defeat his claim to the list by showing that he has another purpose, or that he is really more interested in the list for other reasons. It must join issue on the purpose he has tendered and show *that* purpose to be improper. If it does not do so, it does not meet its burden of proof under the statute.

Applying these principles to this case I conclude that Mite did not meet its burden of proof of rebutting Heli-Coil's prima facie case. Heli-Coil's purpose is to communicate with other stockholders of Mite in connection with the exchange offer to be submitted for stockholder approval. That is a purpose reasonably related to Heli-Coil's interest as a Mite stockholder. The proposed exchange offer is a matter of corporate concern and any stockholder is entitled to take the side he prefers and to seek support from fellow stockholders. Compare *Trans World Airlines v. State,* supra. As the Court there said, that is a purpose germane to one's interest as a stockholder. And, as I have held as to Mite's demand, inspection is not improper because the acquisition of stock was made for that purpose.

Any other purpose Heli-Coil has, and most of Mite's evidence and all of its argument was directed toward other matters, is not relevant. Judgment will be entered for Heli-Coil on its counterclaim.