**Andrew H. SCHNELL, Jr., Plaintiff,**

**v.**

**CHRIS–CRAFT INDUSTRIES, INC., a Delaware corporation, Defendant.**

Court of Chancery of Delaware, New Castle.

Nov. 10, 1971.

H. Albert Young and Edward B. Maxwell, II, of Young, Conaway, Stargatt & Taylor, Wilmington, and Carl F. Goodman, New York City, and Jay L. Westbrook of Surrey, Karasik, Greene & Seham, Washington, D. C., for plaintiff.

David F. Anderson and Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Wilmington, Daniel P. Levitt, of Paul, Weiss, Rifkind, Wharton & Garri-

son, Washington, D. C., and Skadden, Arps, Slate, Meagher & Flom, New York City, for defendant.

MARVEL, Vice Chancellor:

On October 22, 1971, the plaintiff Schnell, a stockholder of the defendant corporation, as he established at trial, caused to be delivered to the office of defendant's registered agent in Delaware a written demand under oath which asserted plaintiff's claimed statutory right under 8 Del.C. § 220 to inspect and to copy defendant's stock ledger or to be furnished a list of its stockholders, such production to be made available to plaintiff during usual business hours. Plaintiff also sought the right to inspect and copy daily stock lists of transfers of defendant's stock thereafter made.

The general purpose of plaintiff's demand was stated to be that of communicating with defendant's stockholders on matters of mutual interest. It specifically stated a purpose " * * * of soliciting their proxies in connection with the annual meeting of stockholders of the defendant * * * ", then scheduled to be held on a date early in January, 1972.

I am satisfied that such demand meets the technical requirements of the statute inasmuch as it has long been established that the desire to obtain a list of stockholders in order to solicit proxies for the election of a slate of directors in opposition to management constitutes a proper purpose, General Time Corporation (defendant below appellant) v. Talley Industries, Inc., (plaintiff below appellee) (Del. Supr.Ct.) 240 A.2d 755, and cases therein cited.

Plaintiff's letter of demand also disclosed that he was a member of an independent stockholders committee consisting of David Cohen, a Philadelphia lawyer whose employee, Harvey Porter, is a plaintiff in another § 220 action pending against defendant in this Court, as well as Richard R. Balsbaugh, Richard Kelly and Mr. Schnell.

The demand added that:

"The inspection of such stock ledger or stockholder list and daily stock transfer sheets is not designed for any unlawful or improper purpose nor in furtherance of any interest or object other than the business of Chris-Craft."

On October 27, 1971, counsel for the management of Chris-Craft answered plaintiff's demand in a letter which declined production, such letter of refusal to produce pointing out that plaintiff's fellow committee member, David Cohen, was suspected of having possibly violated certain canons of professional ethics as a result of aligning himself in a battle against Chris-Craft's corporate management notwithstanding the fact that in the recent past he had served as a counselor for Chris-Craft. The letter added:

"So long as Cohen is a member of your committee, its principal shareholder and the source of nearly 50% of its operating funds, Chris-Craft must regretfully decline to grant the committee access to its shareholder lists on the ground that your purpose is not a proper one."

The letter also claimed that there is no basis to be found in 8 Del.C. § 220, or in the cases decided thereunder, for a demand for daily stock transfer sheets.

In the case of General Time Corporation v. Talley Industries, supra, the Supreme Court of Delaware, in sustaining the ruling of the Court below to objections to certain questions on deposition propounded to the president of Talley Industries, a ruling which went to the merits of the case, held that the questions sought to be addressed to Talley's president were irrelevant to the primary issue before the Court, namely the right of a stockholder to have a list of his fellow stockholders as provided for under the terms of 8 Del.C. § 220.

The defendant below had sought to establish by discovery that Talley Industries, in acquiring General Time stock, had become involved in a conspiracy violative of the Investment Company Act as well as of the Securities Exchange Act and that therefore a list of General Time's stockholders should not be allowed to be used to advance such claimed conspiracy.

The Court ruled, however, that inasmuch as Talley had complied with the requirements of 8 Del.C. § 220, and had demonstrated a proper purpose for its proposed use of General Time's stock list, namely to solicit proxies, that any further or secondary purpose, such as the one suggested by General Time, was irrelevant.

The Court concluded:

"It might well be asked what circumstances then would constitute a defense to the demand. Each case must depend upon its particular facts, but we point out that in the Theile case an individual owning one share of stock was denied a list when it appeared that his purpose was to sell it for a 'sucker list'".

See also Kerkorian v. Western Airlines, Inc. (Del.Ch.), 253 A.2d 221, aff'd (Del. Supr.Ct.) 254 A.2d 240, in which it was held that a charge that the plaintiff below had acquired his stock in violation of the Federal Aviation Act of 1938 was irrelevant in a situation in which the stockholder had successfully demonstrated that he had met the basic requirements of 8 Del.C. § 220.

■ In short, I am satisfied that in the heat of battle which has been generated in this case as well as in the companion Porter case, the basic purpose of 8 Del.C. § 220, which was enacted in order to provide speedy access to a stock list for a stockholder who has demonstrated a purpose reasonably related to his interest as such, has been lost sight of and that the peripheral activities of Mr. Cohen as a part-time counselor to Chris-Craft's present management are therefore irrelevant to the issue presently before the Court, namely the right of the present plaintiff as a stockholder who has demonstrated a proper purpose to have a list of his fellow stockholders.

Canon Four adopted under Rule 33 of the Supreme Court of Delaware, Del.C. Ann. provides:

"A lawyer should preserve the confidences and secrets of a client."

Canon Six, which was similarly adopted, provides:

"A lawyer should represent a client competently."

In reliance on such canons or a combination of them, defendant cites Marco v. Dulles, (S.D.N.Y.), 169 F.Supp. 622; T. C. Theatre Corporation v. Warner Bros. Pictures (S.D.N.Y.), 113 F.Supp. 265; Consolidated Theatres, Inc. v. Warner Bros. Circuit Mar. Corp. (C.A. 2) 216 F.2d 920, and American Can Company v. Citrus Feed Co. (C.A. 5) 436 F.2d 1125, cases which were decided on motions to disqualify attorneys of record who were actively prosecuting actions against former clients. Under such circumstances it is presumed that where an attorney appears on behalf of an adversary of his former client in a matter substantially related to a cause or matter wherein the attorney for the plaintiff formerly represented the defendant that such a shift of interest per se constitutes a breach of Canon Four.

However, in the case at bar we are not concerned with such an attorney-client relationship in that neither Mr. Cohen nor his employee Mr. Porter has entered an appearance as an attorney in either this case or in the companion Porter case. Furthermore, the seeking of a stock list can hardly be said to be substantially related to what Mr. Cohen did for defendant in the past. In other words, this is not a situation in which a plaintiff is being repre-

sented by a former counsel of a defendant familiar with the matter in issue, but rather, assuming plaintiff to be subject to any disqualification imputable to his associate Cohen, a situation analogous to that created as a result of the participation of the objectant Jacobs in Steigman v. Beery (Chancery C.A. 1717, April 10, 1964), a case in which former house counsel for the corporate defendant, for the benefit of which a derivative action had been filed, was preliminarily permitted to participate as a stockholder in a settlement hearing of such stockholders' suit for the purpose of protecting his property interest as a stockholder.

Defendant's contention, namely that Cohen's representation of the defendant in the past taints the entire stockholder committee here involved, including plaintiff, if adopted in a 8 Del.C. § 220 proceeding, would virtually prevent anyone serving on a stockholders' committee with an attorney, who has in the past represented the corporation in matters in no way related to the stock list in issue, from ever obtaining a list of his fellow stockholders. If such a list is secondarily used to injure the corporation, then upon a proper showing, appropriate steps may be taken to protect the interest of the corporate entity and its stockholders. But at the present juncture, as in the Kerkorian case, it would be pure surmise to assume that plaintiff's committee associate, David Cohen, will at some time in the future disclose any confidences which may have been reposed in him during the periods when he was counseling defendant's management.

An appropriate order providing for the inspection and copying of defendant's stock ledger or the furnishing of a list of such corporation's then stockholders in conformity with 8 Del.C. § 220 at a time and place to be agreed on by counsel, may be submitted, such time of inspection or production to take place no later than 4:00 p. m. E.S. T., Thursday, November 11, 1971.