HENDRY, Judge.
Appellant-petitioner, Norman J. Davidson, seeks review of a final judgment quashing an alternative writ of mandamus directed to appellees-defendants Ecological Science Corporation and Harold P. Koe-nig, its president. Appellant Davidson sought a writ of mandamus directed to the corporation to secure production of the shareholder list, under § 608.39, Fla.Stat., F.S.A. (and not § 608.10, Fla.Stat., F.S.A.). The appellees sought to assert a defense under § 608.39(3), which reads as follows:
“It shall be a defense to any action under this section that the person suing has used or purposes to use the information so obtained otherwise than to protect his interest in the corporation or has within two years sold or offered for sale any list of stockholders of such corporation or any other corporation, or has aided or abetted any person in procuring any stock list for any such purpose.”
In the final judgment appealed entered after an evidentiary hearing, the trial court, sitting without a jury, made the following findings of fact and entered the following order:
“1. The Plaintiff, NORMAN J. DAVIDSON’S, purpose in seeking such a shareholders list is otherwise than to protect his shareholder’s interest in the Defendant corporation.
2. That at the time the present action was commenced there was then pending a separate action from the present case *72 which separate action was brought by the Defendant corporation, ECOLOGICAL SCIENCE CORPORATION, against the Plaintiff in which serious allegations as to the Plaintiff’s conduct and activities as Chairman of the Board of the Defendant corporation were made and substantial damages were sought from the Plaintiff.
3. While it appears that one of the Plaintiff’s purposes in obtaining the shareholders list is to remove the present management, it appears that the primary purpose in seeking the Defendant corporation’s shareholders list is to effect and/or alter the course of the aforesaid separate litigation through the removal of the Defendant corporation’s President, HAROLD P. KOENIG, also a Defendant herein, which purpose is designed to protect interests other than the Plaintiff’s interest in the Defendant corporation.
4. A further purpose of the Plaintiff in seeking the aforesaid list appears to be the abuse of the right to criticize present management as evidenced by the fact that the Plaintiff was part of the Defendant corporation’s management at the time the acts he complained of are alleged to have occurred. It is, therefore
ORDERED AND ADJUDGED that the Defendants, ECOLOGICAL SCIENCE CORPORATION and HAROLD P. KOENIG, its President, have shown proper cause why they should not be required to produce the aforesaid stockholders list or permit the Plaintiff access to said list and said Defendants are hereby forever discharged from any and all requirements under the aforesaid Alternative Writ of Mandamus to so produce or permit access to said list as set forth in said Alternative Writ and said Alternative Writ of Mandamus be and the same is hereby quashed.”
‡ ‡ >{j
Davidson is a large stockholder, owning in excess of the statutory requirement of one per cent of the outstanding shares of the corporation for a period in excess of six months. In the petition for the writ of mandamus, Davidson alleged various fraudulent and illegal actions by the present president Koenig, such as fraudulently transferring corporate assets and violating federal securities laws.
On the other hand, the appellees contended that Davidson is not acting to protect his stockholder’s interest, but is seeking to influence separate litigation which Davidson has against Koenig and which another corporate officer instituted against Davidson.
Various Securities and Exchange Commission and American Stock Exchange proceedings which have been conducted regarding this stock have been discussed in the briefs. For the sake of this opinion, it is not necessary that these matters be explained. Suffice it to say that the stock may be described as a mini-conglomerate as to which trading on the American Exchange was suspended.
The appellant has argued its first three points together; they are: the trial court erred in its evidentiary rulings admitting evidence irrelevant and immaterial to support a defense under § 608.39(3), erred in holding that defendants carried their burden of proof, and erred in not finding for the plaintiff where the defendants did not present clear and convincing evidence. Point four is that the court erred in not entering a judgment in favor of plaintiff at the close of defendants’ case. Point five is that the court erroneously determined that Davidson’s petition for a shareholder list should be denied because he was involved with corporation management. The last point is that the court erred in granting the defendants an additional thirty days in which to respond to the alternative writ.
The appellee has responded with these contentions, first that the trial court having properly admitted and considered the evidence correctly found, as the trier of *73 the facts, that Davidson sought a shareholders list for an improper purpose. Secondly, that the trial court did not err in granting defendants an additional thirty days in which to show cause.
To begin with, we do not need to express our view as to the evidentiary rulings of the trial court. Assuming that such rulings were correct, it nevertheless committed reversible error in failing to apply the proper rule as to the sufficiency of the defense.
In Kerkorian v. Western Air Lines, Inc., 253 A.2d 221 (Del.Ch.1969), Chancellor Duffy made this statement:
“. . . The short of it is that the CAB has made no determination that Kerkorian’s ownership or status is in any way illegal. It may do so. It has not as yet. And I find nothing in its dismissal order which raises inferences in Western’s favor in such a way that this Court could reasonably act upon them. And if the Court were to rely upon the complaint now pending before the CAB as a basis for awarding relief, that would be permitting Western to parlay its own complaint in one proceeding into a reason for equitable relief in another.
Second, turning to plaintiff’s purpose, in my judgment Western’s argument and the evidence offered to support it on this issue are both covered by the Supreme Court’s decision in General Time. There, allegations of violation of the Investment Company Act of 1940 and the Securities and Exchange Act of 1934 were made and found to be irrelevant. And so, here, Western’s allegations that plaintiff is or may be in violation of the Federal Act are irrelevant with respect to the propriety of his purpose. It follows that plaintiff’s motion to strike the first and second affirmative defenses, both of which relate to purpose, must be granted.” [Italics in original].
In affirming that decision Chief Justice Wolcott in Western Airlines v. Kerkorian, 254 A.2d 240 at p. 242 (Del. 1969), observed :
“We thought the General Time [General Time Corporation v. Talley Industries, Inc., 240 A.2d 755 (Del.1968)] case controlled the question. That case held irrelevant in connection with the determination of proper purpose in seeking the stock list evidence as to the acquisition of General Time stock by allegedly illegal action on the part of the stockholder in violation of the Investment Company Act of 1940 and the Securities and Exchange Act of 1934. We saw no difference in principle between the determination of proper purpose there and the determination of stockholder status here. Evidence irrelevant as to one is equally irrelevant as to the other under the circumstances. [Italics in original].
Since, therefore, Kerkorian proved that he was a stockholder of record of Western, and since we thought evidence of possible violation of the Federal Aviation Act was irrelevant in a § 220 proceeding, we held that he was entitled to obtain the Western stock list.
With respect to Western’s contention that inspection would cause irreparable harm to it without any benefit to Kerkorian, we were of the opinion, particularly since the possibility of ultimate harm to Western depended on a number of suppositions, that the matter is immaterial. If the threat of irreparable harm comes to pass, the company, or its stockholders, have a remedy in the courts. E. L. Bruce Company v. State ex rel. Gilbert, 1 Storey 252, 144 A.2d 533.
For the foregoing reasons, we affirmed the Chancellor’s order for inspection.”
See also: Mite Corporation v. Heli-Coil Corporation, 256 A.2d 855, 858 (Del.Ch, 1969).
Following the line of reasoning in that case, and in view of the liberal construction placed on a predecessor Florida *74 statute in Florida Telephone Corporation v. State ex rel. Peninsular Telephone Company, Fla.App.1959, 111 So.2d 677, we conclude that a pending suit by or against the corporation or its employee is not alone a sufficient ground to support the affirmative defense of § 608.39(3), Fla.Stat., F.S. A. A corporation or its agents could too easily neutralize or defeat a shareholder’s common law and statutory right to inspect the shareholder list and right to communicate with fellow stockholders in their status as stockholders. Therefore, we conclude that the trial court erred in failing to allow Davidson to inspect the stockholder list according to the provisions of § 608.39.
This determination renders unnecessary any resolution of the remaining contentions of the appellant and appellees.
Therefore, for the reasons stated, the judgment appealed is reversed and remanded with directions to issue the writ in accordance with § 608.39, Fla.Stat., F.S.A.
Reversed and remanded with directions.