**WESTERN PACIFIC INDUSTRIES, INC., a corporation of the State of Delaware, Plaintiff,**

v.

**LIGGETT & MYERS, INCORPORATED, a corporation of the State of Delaware, Defendant.**

Court of Chancery of Delaware, New Castle.

July 30, 1973.

Louis J. Finger of Richards, Layton & Finger, Wilmington, and Robert H. Haines of Zimet, Haines, Moss & Goodkind, New York City, for plaintiff.

Richard F. Corroon of Potter, Anderson & Corroon, Wilmington, and Roger L. Waldman of Webster, Sheffield, Fleischmann, Hitchcock & Brookfield, New York City, for defendant.

DUFFY, Chancellor:

This is the decision after final hearing in an action under 8 Del.C. § 220 for a stockholder list.

### A.

Western Pacific Industries, Inc., plaintiff (WPI), and Liggett & Myers, Incorporated, defendant (L & M), are both Delaware corporations. WPI is the record owner of 415,300 shares (5.1%) of L & M common stock which it acquired between January 4 and May 1, 1973. Prior to L & M's annual meeting in April, WPI unsuccessfully sought representation on its board of directors. One June 4 WPI purchased 210 shares of the L & M 7% cumulative preferred stock but, through administrative error, it did not become the record owner of those shares until July 10.* WPI's investment in L & M amounts to some $17 million and it has allocated an additional $4 million for more stock purchases.

On June 8 WPI sought a list of the holders of the preferred stock but its demand was inadequate for procedural reasons. Then, on June 20 it made a second demand, this time for access to the lists of both common and preferred holders. L & M refused the demand and this action followed.

L & M makes two arguments: (1) the statute does not authorize a stockholder of one class to secure a list of other classes of stockholders; and (2) WPI does not have a proper purpose for the inspection it seeks.

### B.

8 Del.C. § 220(b) provides in part:

"Any stockholder [of record], . . . shall upon written demand under oath stating the purpose thereof,

---

* Each share of 7% cumulative preferred stock is entitled to eight votes.

have the right . . . to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, . . . and to make copies or extracts therefrom."

▮ I find nothing in this language (nor in the history of § 220) which limits a stockholder's right of inspection to a list of that class in which he is a holder of record. The statute gives a right of inspection to "any" stockholder and, subject only to the record requirement, there is no limitation, express or implied, as to status. And the right thus given is to inspect the "stock ledger, a list of . . . [corporate] stockholders"; again, the language is singular. In short, the statutory approach is unitized as to both the stockholder and the record. But it is common knowledge that corporations often have more than one class of shareholder—and had the Legislature intended to limit any class to any specific ledger or list, it could certainly have said so. It did not. In sum, the General Assembly has not created classes of stockholders for inspection purposes and it follows that the Court may not do so.

### C.

▮ I turn now to L & M's contention that WPI does not have a proper purpose in seeking access to the stockholder lists. Under § 220 WPI must have a "purpose reasonably related to . . . [its] interest as a stockholder." And the burden of proof is on L & M to establish that the inspection WPI seeks is for an improper purpose.

WPI's demand of June 20 stated that the list was sought

" . . . for the purpose of offering to purchase shares of said stockholders and to augment WPI's ability to have a voice in determining the policies of L & M."

It is settled Delaware law that inspection of a stock ledger is proper where it is sought in order to purchase additional shares of a corporation's stock from other stockholders. E. L. Bruce Company v. State, 1 Storey 252, 51 Del. 252, 144 A.2d 533 (1958).

The trial testimony as to WPI's intention to purchase additional L & M stock was not stated as flatly as the demand of June 20. Thus WPI's president, Howard A. Newman, testified about WPI's acquisition of additional 7% preferred stock:

> "Q. Is it the intention of Western Pacific Industries, Inc., to purchase additional preferred stock *if that is practical and feasible?*
>
> A. Yes, sir, it is." (Emphasis added.)

L & M argues that this and other testimony by Mr. Newman shows that WPI has not, in fact, determined to make an offer to purchase additional shares. Therefore, says defendant, the pretrial demand was an inaccurate statement and the list is not sought for purchase purposes.

▮ Each § 220 case must, of course, stand on its own facts and I need not decide what the result should be if a demand is proved for one purpose but the evidence shows another, or if there is a significant disparity between the demand as stated and the proof at trial. I am satisfied that no such facts are shown here. True it is that the WPI demand is expressed in positive terms, i. e., for the "purpose of offering to purchase shares." But the testimony of its president shows no more than a common sense caution and prudent business judgment in discussing future purchases. In short, I do not view his testimony as inconsistent with the demand. Given the positive evidence as to plaintiff's substantial investment in L & M, its desire for board representation and the allocation of additional funds for purchases, I have no doubt that plaintiff's purpose is genuine, that it looks toward the purchase of shares and hence is proper. In short, defendant did not establish an improper purpose.

Order on notice.