AMERICAN MEDICORP, INC., Plaintiff,

v.

HUMANA, INC., Defendant.

Court of Chancery of Delaware,
New Castle County.

Submitted Nov. 30, 1977.

Decided Dec. 12, 1977.

Lawrence C. Ashby and Andrew B. Kirkpatrick, Jr. of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

R. Franklin Balotti and Richard J. Abrams of Richards, Layton & Finger, Wilmington, for defendant.

HARTNETT, Vice Chancellor.

I

Plaintiff ("Medicorp") filed a Complaint pursuant to 8 Del.C. § 203 alleging that a written Statement of Intention by defendant-Humana to make a tender offer for equity securities of Medicorp, a Delaware corporation, failed to comply with 8 Del.C. § 203. The initial Statement of Intention was delivered by Humana to Medicorp on October 3, 1977. A revised Statement of Intention was delivered to Medicorp on October 17, 1977, which corrected certain omissions and uncertainties in the October 3, 1977, Statement. Medicorp seeks declaratory and injunctive relief to prevent Humana from commencing a tender offer until it complies with 8 Del.C. § 203.

Humana denied that the initial Statement of Intention delivered on October 3, 1977, was defective and alleges that even if it was, the subsequent Statement of Intention, dated October 17, 1977, cured any defects and therefore Humana has complied with the mandate of the Statute.

The October 17, 1977, revised Statement of Intention, unfortunately, did not contain the magic words: "Statement of Intention to make Tender Offer Under 8 Del.C. § 203."

II

The first question to be considered, therefore, is whether the omission of a legend calling attention that the October 17, 1977, document was a Statement of Intention pursuant to 8 Del.C. § 203 is fatally defective.

Medicorp argues that the October 17, 1977, materials delivered to Medicorp did not constitute a Statement of Intention pursuant to 8 Del.C. § 203 because it did not contain any caption identifying it as such.

I think that argument is without merit.

▬ The purpose of 8 Del.C. § 203 is to give fair notice to a target company of the pending tender offer so that it will be in a position to give information to its stockholders to enable them to make an informed decision as to whether to accept the tender offer. The purpose of 8 Del.C. § 203 is not to protect or give advantage to the target company but rather to insure that the target company will have sufficient time and information to prepare a statement to fairly advise its stockholders of the "other side" of a tender offer. See: 2 Del.J.Corp.L. 170, 173 (1977); Arsht, The Delaware Takeover Statute—Special Problems for Directors, 32 Bus. Lawyer 1461 (1977); Arsht, The History of The Delaware Corporation Law, 1 Del.J.Corp.L. 1, 20 (1976); Royal Industries, Inc. v. Monogram Industries, Inc., Del.Ch., 366 A.2d 839 (1976) (Reversed on other grounds) Monogram Industries, Inc. v. Royal Industries, Inc., Del. Supr., 372 A.2d 171 (1976).

8 Del.C. § 203(a) states inter alia:

(a) No offeror shall make a tender offer unless:

(1) Not less than 20 nor more than 60 days before the date the tender offer is to be made, the offeror shall deliver to the corporation whose equity securities are to be subject to the tender offer, at its registered office in this State or at its principal place of business, a written statement of the offeror's intention to make the tender offer. The statement shall include the name and address of the offeror and of each director and principal officer of the offeror; a description of the equity securities to be purchased and the consideration to be offered; the duration of the offer; the date on which the offeror may first purchase tendered securities; the amount or number of equity securities to be purchased or the manner in which such number or amount will be determined; whether the offeror will unconditionally accept all or any part of the equity securities tendered and, if not,

upon what conditions acceptance will be made; the number or amount of any equity securities of the corporation owned beneficially by the offeror and any associate of the offeror as of the date of the delivery of the statement; a description of any contract, agreement or understanding to which the offeror or any associate of the offeror is a party with respect to the ownership, voting rights or any other interest in any equity security of the corporation; and, if the offeror permits the purchase of less than all the outstanding equity securities issued by the corporation, copies of a balance sheet of the offeror as of the end of its last fiscal year and of its income statements for the 3 fiscal years preceding the offer; (emphasis added)

The Statute, although listing what the Statement shall include, does not state that the Statement must have any particular caption or even any caption at all.

All that the Statute requires is that the Statement of Intention give fair notice to the target corporation of what it purports to be and that it disclose all germane facts. See *Lynch v. Vickers Energy Corporation*, No. 70–1976; (Del.Supr., 1976).

It is undisputed that Medicorp, the target corporation, received a preliminary letter notification of Humana's intention to make a tender offer on September 30, 1977. On October 3, 1977, it received the initial Statement of Intention to make a tender offer. It then commenced a vigorous legal campaign against Humana, the tender offeror, including the commencing of at least two federal law suits, this suit (filed on November 3, 1977), the issuance of a release criticizing the Humana offer, and a request for a hearing before the Pennsylvania Securities Commission.

I conclude that Medicorp, which was actively engaged in a battle to thwart Humana's scheme, and had retained highly competent legal counsel, knew that the materials from Humana which it concededly received on October 17, 1977, were an effort by Humana to correct any deficiencies in the October 3, 1977, Statement of Intention. Medicorp has not shown that it did not know the full import of the materials or that it suffered any prejudice from the omission of the legend. In *Monogram Industries v. Royal Industries*, Del.Supr., 372 A.2d 171 (1966), the Delaware Supreme Court held that strict compliance with the statutory requirements of 8 *Del.C.* § 203 are not necessary if the omissions are not unduly prejudicial.

 I therefore hold that the materials delivered by Humana to Medicorp on October 17, 1977, constitute a valid written Statement of the Intention by Humana of its intention to make a tender offer pursuant to 8 *Del.C.* § 203. The initial written Statement of Intention on October 3, 1977, may therefore be disregarded for the purposes of the present application of Medicorp for injunctive relief.

### III

I must now consider the alleged deficiencies in the Statement of Intention which Medicorp feels requires this Court to enjoin the making of the tender offer. They will be discussed seriatum:

### IV

FIRST: Humana, it is conceded, does not have the legal authorization to issue the additional shares of preferred stock which it intends to offer in part payment for the shares its hopes to purchase through its tender offer.

It appears, however, that a stockholders meeting is scheduled in early December at which time the stockholders of Humana will be asked to approve an amendment to the Certificate of Incorporation of Humana to authorize the issuance of the additional preferred shares.

The lack of authority of Humana to have been able to issue the new stock in October, Medicorp argues, is fatal because it shows Humana did not have the intention to make a tender offer when the revised Statement of Intention was prepared and delivered and the Statement is therefore fatally inaccurate.

The issue therefore is whether Humana can meet the disclosure requirements of 8 Del.C. § 203 if there is some question whether it will ever be able to produce the consideration (preferred shares of stock) being offered.

Medicorp argues, in effect, that 8 Del.C. § 203 requires the consideration being offered to be in existence at the time of the delivery of the Statement of Intention.

I find no such requirement in the Statute. As discussed above, the Statute is a notice statute. Its purpose is to give fair notice and the disclosure to the target corporation of all germane facts so that it may give its stockholders the information they need to make an informed decision whether to accept the tender offer.

Medicorp also argues that it would not be fair notice to its stockholders to have them receive from Humana a tender offer to purchase their stock when the consideration to be offered is not in existence.

Perhaps the attempt to purchase shares of stock and to offer to pay for the purchase with non-existent consideration, which may or may not be authorized in the future, may violate the concept of fairness and complete candor, as these concepts are emerging from the decisions in *Lynch v. Vickers Energy Corporation*, supra and *Singer v. The Magnavox Company*, 380 A.2d 969 (Del.Supr., 1977).

This question is not before me, however, because it will become moot if the stockholders of Humana authorize the additional preferred stock in early December.

If they reject the proposal for authorization of the additional stock, I cannot conceive that Humana will be able to proceed with its contemplated tender offer in its present form. It would undoubtedly violate the concept of complete candor in the disclosure of all germane facts to both the target corporation and to its stockholders if Humana were to make a tender offer which could never be consummated.

Assuming that the stockholders of Humana authorize the issuance of the additional shares of preferred stock in December, the question remains whether Humana must deliver a new written Statement of Intention to Medicorp after the authorization and then wait at least 20 days before commencing its tender offer.

I think not. Once again the purpose of 8 Del.C. § 203 is to give at least 20 days fair notice to the target corporation. This has been done. Medicorp knows full well that Humana intends to make a tender offer; it knows what the contents of the offer is to be and what consideration is to be offered to Medicorp's stockholders. Medicorp has not shown that it will suffer any prejudice because Humana may only commence its tender offer after the December stockholders meeting when the additional preferred stock will presumably be authorized. Nor has it shown that it will suffer any prejudice because the proposed consideration will not be authorized until after the December meeting.

Medicorp has what it is entitled to under 8 Del.C. § 203: fair and complete notice with disclosure of all germane facts of what the tender offer is to be.

If the stockholders of Humana fail to approve the additional preferred stock, Medicorp will, undoubtedly, be entitled to a new Statement of Intention prior to a new tender offer being made. In such a case, the proposed tender offer would undoubtedly be so modified as to preclude any former Statement of Intention being considered as fair notice to Medicorp.

V

SECONDLY: Medicorp argues that the tender offer is conditional in that the October 3, 1977, Statement of Intention to make a tender offer contained conditions, the presence of which, would enable Humana to withdraw the offer.

■ The right of the offeror to withdraw the tender offer upon the happening of certain conditions does not *ipso facto* invalidate a Statement of Intention. The test by which a Statement of Intention is to be measured is fair notice of all germane facts to the target corporation and the lack of

prejudice to it and the stockholders whose shares are being sought. See *Lynch v. Vickers Energy Corporation*, supra, and *Singer v. The Magnavox Company*, supra.

The Record here fails to show any lack of fair notice or prejudice. In fact, the October 17, 1977, revised Statement of Intention appears to have omitted the offending language.

## VI

THIRDLY: Medicorp argues that the Statement of Intention does not set forth a description of the consideration to be offered since it is subject to adjustment on the occurrence of certain events and it contains blanks.

These alleged defects were cured by the revised Statement of Intention dated October 17, 1977. Once again the test is whether the Statement of Intention gives fair notice of all germane facts. There seems to be no dispute that the October 17, 1977, Statement gives such notice.

## VII

FOURTHLY: Medicorp argues that the Statement of Intention does not adequately give notice of the amount of stock of Medicorp owned by Lehman Brothers, Incorporated who is managing the tender offer for Humana. This defect, if it was one, was cured by the October 17, 1977, revised Statement of Intention which states that Lehman Brothers owns no such stock.

## VIII

FINALLY: Medicorp argues that Humana does not have the "intention to make the tender offer" which it says is required by the language of 8 *Del.C.* § 203(a)(1) which states *inter alia:*

> "the offeror shall deliver . . . a written statement of the *offeror's intention* to make the tender offer" (emphasis added)

This absence of intention, it is argued, exists because Humana's Board of Directors apparently did not formally authorize the delivery of the Statement of Intention until after October 3, 1977.

A formal authorization apparently took place, however, before delivery of the October 17, 1977, revised Statement of Intention.

■ For the reasons discussed above, the question of proper authorization is therefore moot.

Medicorp has therefore failed to bear the burden of showing that Humana has not complied with 8 *Del.C.* § 203.

The Application of Medicorp is therefore denied without prejudice to institute further relief if the circumstances warrant as this tender offer proceeds.

So Ordered.

It should be noted that no consideration has been given as to whether there has been compliance with the apparent requirement of 8 *Del.C.* § 203 that 60 days is the maximum permissible time lapse between the delivery of a Statement of Intention to make a tender offer and the making of the tender offer.

## ON REARGUMENT

In my Opinion of December 12, 1977 (revised December 21, 1977), I intentionally left for another day the question of whether Humana, Inc. could proceed with its tender offer prior to the time when its stockholders authorize the additional shares of preferred stock which are intended to become part of the consideration to be used in acquiring the shares of stock of American Medicorp, Inc.

The answer to this question was reserved because, at the time the Opinion was written, it appeared that the stockholders of Humana would authorize the additional shares of stock at a stockholders meeting slated to be held on December 12, 1977, and this question would become moot.

The discussion in the Opinion concerning the necessity for a new Statement of Intention To Make A Tender Offer in the event that Humana's stockholders rejected the amendment to the Certificate of Incorporation authorizing the additional shares was

intended to be limited to that unlikely occurrence.

It now appears, however, that Humana's stockholders meeting of December 12, 1977, has been postponed and Humana now intends to proceed with its tender offer prior to the stockholders meeting. In fact, the registration statement filed with the Securities and Exchange Commission (Form S–7) by Humana and affixed as an Exhibit to the Statement of Intention, contemplates the simultaneous giving of notice to the stockholders of Medicorp of the tender offer and to the stockholders of Humana of the meeting to authorize the additional shares of stock (and to authorize the acquisition of Medicorp shares by Humana).

The question, therefore, now squarely before the Court is:

Will Humana violate 8 *Del.C.* § 203 if it commences its tender offer to purchase shares of stock of Medicorp before Humana's stockholders have authorized the additional shares of stock which Humana intends to use as part of the consideration for the purchase?

The Delaware Tender Offer Statute (8 *Del.C.* § 203) is a notice statute. It requires that the offeror give the information required by 8 *Del.C.* § 203 to the corporation whose equity securities are subject to the tender offer (called "target corporation", a misnomer, for the want of a better term).

In 1976 when the Delaware Tender Offer Statute was adopted it was unique among the attempts by the states to regulate tender offers in that it only required advance disclosure to the target corporation of certain information as set forth in the Statute. Arsht, *The Delaware Takeover Statute—Special Problems for Directors*, 32 Bus.Lawyer 1461 (1977).

Other states have opted for more stringent controls over tender offers including administrative regulation. At least one state requires that all offeree stockholders be treated equally. See *Wisc.Stat.* § 552.01 et seq. The attempt by the various states to broadly regulate tender offers has already been struck down by at least one federal court. *Great Western United Corp.*

*v. Kidwell*, 439 F.Supp. 420 (U.S.Dist.Ct., Tex.1977).

The Delaware General Assembly clearly has not intended a broad regulation of tender offers and this Court should not expand the statute to include a general review of tender offers. See the discussion of then Chancellor Duffy in *Mite Corporation v. Heli Coil Corporation*, Del.Ch., 256 A.2d 855 at 857 (1969), a case involving a different section of the Delaware General Corporation Law (8 *Del.C.* § 220).

The question of the fairness of the tender offer to the target corporation or to stockholders whose securities are being sought is not a proper question for this Court under 8 *Del.C.* § 203. The case of *Singer v. The Magnavox Company*, 380 A.2d 969 (Del. Supr., 1977), involving an entirely different factual setting is not applicable to the facts in this case.

Nor is there any requirement in the Statute that the offeror, prior to making the tender offer, must have the authority to issue the shares to be used as consideration for the shares sought to be obtained. All that is required is that the offeror fully disclose that the stock to be given as part of the consideration for the tender offer has not yet been authorized by the stockholders of the offeror but is contemplated to be authorized upon the occurrence of certain delineated events.

The disclosure required by 8 *Del.C.* § 203 should be a complete disclosure of all germane facts, given with complete candor. See *Lynch v. Vickers Energy Corporation*, No. 70–1976, (Del.Supr., October 18, 1976) a case which, although not a binding precedent for this matter because of different facts, illustrates the emerging concept of what information must be disclosed, if a disclosure is required.

Humana, I am convinced, has made such a full disclosure in the registration statement it proposes to be sent to the stockholders of Medicorp as submitted to the Securities and Exchange Commission and as transmitted to Medicorp.

At Reargument Medicorp again called attention to these words in 8 *Del.C.* § 203(a): "Not less than 20 nor more than 60 days before the date the tender offer is to be made, the offeror shall deliver to the corporation whose equity securities are to be subject to the tender offer . . . a written statement of the *offeror's intention to make the tender offer.* . . . " (emphasis added)

Medicorp reargues that this provision of the statute requires that the offeror have a legal intention to make a tender offer at the time the Statement of Intention is delivered. Since the stockholders of Humana had not authorized the additional stock which would become part of the consideration for the stock of Medicorp sought, it is argued there was no legal intention on behalf of Humana to make a tender offer when the Statement of Intention was delivered. Medicorp relied on two definitions of "intention":

"A determination to act in a certain way" Webster's New Collegiate Dictionary, G & L Merriam Company (1976); and "Determination to act in a certain way or to do a certain thing" Black's Law Dictionary, Fourth Ed. (1951)

The argument of Medicorp assumes that 8 *Del.C.* § 203 requires that an intention, in the legal sense, must be formulated prior to the Statement of Intention being delivered.

I have doubt that the Statute requires such a technical interpretation. As discussed previously, it is clear that the 8 *Del.C.* § 203 is a simple notice statute and it is not to be construed in a hypertechnical manner if the result is not prejudicial to the target company or its stockholders. *Monogram Industries v. Royal Industries*, Del. Supr., 372 A.2d 171 (1966).

█ Even, however, if the statute does require a corporate intent to make a tender offer before the Statement of Intention is delivered by the offeror, there is sufficient evidence that Humana did form a corporate intention to make a tender offer for the shares of Medicorp. 8 *Del.C.* § 141 provides that the business affairs of a corporation shall be managed by its Board of Directors. See *Campbell v. Loew's, Inc.*, Del.Ch., 134 A.2d 852 (1957).

The Board of Directors of Humana has approved the making of the tender offer. All that is now required is that the stockholders of Humana authorize the issuance of the additional shares of stock which will be used as part of the consideration for the tender offer. The requisite corporate intention was therefore present. Humana intends to make a tender offer; part of the consideration in connection with the tender offer will be paid with preferred stock which will be issued after authorization by the stockholders. The as yet unauthorized stock is not the tender offer, it is merely part of the consideration to be used in the tender offer.

█ Medicorp also reargues that 8 *Del.C.* § 203(a) requires a description of the consideration to be purchased and that the description given by Humana is legally inadequate. While it is certainly true that the statute requires a description of the consideration, I have found that the description of the consideration to be offered (cash and preferred shares of Humana to be authorized before the tender offer transaction is completed) is adequately described in the registration statement filed with the S.E.C. and affixed as an exhibit to the written Statement of Intention To Make A tender Offer.

Medicorp has, therefore, not shown that Humana has not complied with the requirements of 8 *Del.C.* § 203. Medicorp's applications for injunctive relief are denied. The Court will, however, retain jurisdiction to hear further applications should the facts warrant.

So ordered.